# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CUREN ESSEX, ALICIA BULKO
SUSAN COOK, and
ELIZABETH ZUBOR,

        Plaintiffs,                          Case No.2:09-cv-11095
                                                  Hon. Arthur J. Tarnow

v

LIVINGSTON COUNTY, a municipal corporation,
ROBERT BEZOTTE in his individual capacity
as the Livingston County Sheriff, TOM CREMONTE in his
individual capacity as the Livingston County Jail Administrator,
and RANDY BOOS in his individual capacity,
Jointly and Severally,

        Defendants.

_____

GEOFFREY N. FIEGER (P30441)        THOMAS A. MATTHEWS (P28414)
JAMES J. HARRINGTON, IV (P65351)   Attorneys for Defendant Boos, ONLY
Attorneys for Plaintiffs               2000 Grand River Annex, Ste. 200
Fieger, Fieger, Kenney, Johnson & Giroux, P.C.  Brighton, MI 48114
19390 W. Ten Mile Rd.              (810) 227-7878
Southfield, MI 48075                tmattlaw@aol.com
(248) 355-5555
j.harrington@fiegerlaw.com

T. JOSEPH SEWARD (P35095)
Attorney for Defendants Livingston County,
Robert Bezotte and Tom Cremonte, only
Cummings, McClorey, Davis & Acho, P.L.C.
33900 Schoolcraft Road
Livonia, MI 48150
(7344) 261-2400
tiseward@cmda-law.com

_____

## PLAINTIFF'S FIRST AMENDED  COMPLAINT AND
## RELIANCE ON DEMAND FOR JURY TRIAL

      NOW COME Plaintiffs, by and through their attorneys, FIEGER, FIEGER, KENNEY,

JOHNSON & GIROUX, P.C., and for their First Amended Complaint against the above named

Defendants, states as follows:

## JURISDICTION

1.     This is a civil action brought pursuant to 42 U.S.C. §1981 et. seq. seeking

monetary damages against defendants violations under 42 U.S.C. §1983 and the Fourth, Eighth and

Fourteenth Amendments to the Constitution of the United States.

2.     This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1343(a)(3),

1343(a)(4) and 42 U.S.C. §1983.

3.     The amount in controversy exceeds Seventy-Five Thousand ($75,000.00)

Dollars, excluding interest, costs and attorney fees.

## VENUE

4.     Venue lies in the Eastern District of Michigan pursuant to 28 U.S.C. §1391(d).

The events took place within the County of Livingston County which is located within the jurisdiction

of the United States District Court for the Eastern District of Michigan, Southern Division.

## PARTIES
## PLAINTIFFS

5.     Plaintiff, CUREN ESSEX is a citizen of the United States whose permanent

residence is in Livingston County.  At the time of the events which give rise to this complaint, Plaintiff

CUREN ESSEX was under the care and custody of the Livingston County Sheriff's Department and

the county of Livingston.

6.     Plaintiff, ALICIA BULKO is a citizen of the United States whose permanent

residence is in Ingham County.  At the time of the events which give rise to this complaint, Plaintiff

ALICIA BULKO was under the care and custody of the Livingston County Sheriff's Department and

the county of Livingston.

7.      Plaintiff, SUSAN COOK is a citizen of the United States whose permanent residence is in Livingston County.  At the time of the events which give rise to this complaint, Plaintiff SUSAN COOK was under the care and custody of the Livingston County Sheriff's Department and the county of Livingston.

8.      Plaintiff, ELIZABETH ZUBOR is a citizen of the United States whose permanent residence is in Oakland County.  At the time of the events which give rise to this complaint, Plaintiff ELIZABETH ZUBOR was under the care and custody of the Livingston County Sheriff's Department and the county of Livingston.

9.      CUREN ESSEX, ALICIA BULKO, SUSAN COOK, and ELIZABETH ZUBOR are collectively referred to as "Plaintiffs".

### DEFENDANTS

10.     Defendant, LIVINGSTON COUNTY is a municipal corporation is the body responsible for the control and oversight of its departments, agencies and facilities including the Livingston County Sheriff's Department and the Livingston County Jail.

11.     Defendant ROBERT BEZOTTE is the duly elected Sheriff of Livingston County, and is named in this action in his individual capacity.  Sheriff BEZOTTE is responsible by statute and the Michigan Constitution for the maintenance of the Livingston County Jail and is directly responsible for the creation, implementation, enforcing the customs, policies and practices as well as the recruitment, supervision, and discipline of jail policies and procedures and the safety and care of its inmates.

12.     TOM CREMONTE was the Jail Administrator of the Livingston County Jail at all times relevant to this complaint and charged with responsibility for supervision and oversight of the day to day operations of the Livingston County Jail, its staff and the care and custody of its

inmates.  Defendant CREMONTE is a named defendant in his individual capacity.

      13.     Defendant RANDY BOOS was at all times relevant to this action employed as a deputy sheriff by the Livingston County Sheriff's Department and was directed to transport Plaintiffs from the Livingston County Jail to various courthouses within Livingston County. Defendant BOOS admitted to having sexual and or improper contact with the Plaintiffs.  At all times relevant Defendant BOOS was acting under color of state law, and was acting in the course and scope of his employment with the Livingston County Sheriff's Department as a Deputy Sheriff. Defendant BOOS is a named defendant in his individual capacity.

## FACTUAL STATEMENT

      14.     On or about February of 2008 Plaintiff ALICIA BULKO, was arrested and placed into a cell in the Livingston County.

      15.     On or about February of 2008 ALICIA BULKO, had a court hearing which she was transported by Defendant BOOS.

      16.     Defendant BOOS isolated Plaintiff BULKO so he had an opportunity to make unwelcome and unlawful sexual advances towards Plaintiff BULKO.

      17.     Defendant BOOS then offered Plaintiff BULKO a kiss to which she declined then BOOS clarified his offer to mean a Hershey Kiss.

      18.     Defendant BOOS then walked towards Plaintiff BULKO to give her a Hershey Kiss but instead pushed his body up against Plaintiff BULKO and then forcefully kissed her.

      19.     Upon all information and belief all Defendants knew or reasonably should have known about BOOS' conduct.

      20.     On or about April 2008 Plaintiff SUSAN COOK, was arrested and placed into a cell in the Livingston County.

21.     On or about April 16, 2008 SUSAN COOK, had a court hearing at Brighton District Court.

22.     Defendant BOOS placed three male inmates in the back seat of the scout car to transport them to the courthouse.

23.     Defendant BOOS placed Plaintiff COOK into the front seat of the scout car.

24.     While transporting Plaintiff COOK and the three male inmates to the courthouse, Defendant BOOS began to make sexually suggestive remarks towards Plaintiff, COOK.

25.     After Defendant BOOS made the sexually suggestive remarks he began to rub Plaintiff COOK's hands.  He then proceeded to rub her breasts.

26.     Plaintiff COOK tried to move away from the unwarranted sexual acts.

27.     At all times Plaintiff COOK tried to move away from and prevent the sexual advances however being in the police scout vehicle and handcuffs made it difficult to prevent the unlawful and unwanted sexual acts.

28.     Following Plaintiff COOK's attack she reported the facts to the Livingston County Jail personnel.

29.     On or about April of 2008 Plaintiff CUREN ESSEX, was arrested and placed into a cell in the Livingston County.

30.     On or about April 17, 2008 CUREN ESSEX had a court hearing at the Livingston County Courthouse.  She was transported from the Livingston County Jail to the Livingston County Courthouse by Defendant BOOS.

31.     On or about April 17, 2008, Defendant BOOS told Plaintiff ESSEX that he would bring her candy Kisses the following day.

32.     On April 18, 2008 Defendant BOOS transported both male and female inmates

from the Livingston County Jail to the Livingston County Circuit Court.  Plaintiff ESSEX was one of those transported.

33.     After the inmates court hearings had concluded they were transported back to the Livingston County Jail except for Plaintiff ESSEX.

34.     While Defendant was transporting the inmates back to the Livingston County Jail, he left Plaintiff ESSEX in a holding cell.

35.     On the same date and time, Defendant BOOS transported other inmates both male and female inmates to the Livingston County Courthouse.

36.     On the above date and time the male inmates were placed in one holding cell and the female inmates including Plaintiff ESSEX were placed in another holding area while awaiting their respective court hearings.

37.     While the inmates including ESSEX were waiting for their hearing, Defendant BOOS began to make sexually suggestive comments towards Plaintiff ESSEX.

38.     After Plaintiff ESSEX's court hearing she was not immediately taken back to the Livingston County Jail.

39.     Defendant BOOS systematically took all of the other inmates back to the Livingston County Jail and left Plaintiff ESSEX in the holding cell.

40.     After all of the inmates had been returned to the Livingston County Jail, Defendant Boos entered into holding cell with Plaintiff ESSEX.

41.     At this time, BOOS then forcefully pulled Plaintiff ESSEX into his body in a sexually intimidating manner.

42.     Defendant BOOS then began to touch Plaintiff ESSEX's vagina.

43.     Defendant BOOS then took off his pants and belt.

44.    Defendant BOOS then took off Plaintiff ESSEX's pants and boxers.

45.    Defendant BOOS then pulled Plaintiff ESSEX onto his lap and proceeded to forcefully penetrate her vaginally with his penis.

46.    At all times relevant Plaintiff ESSEX tried to prevent the sexual attack, however she was overpowered.

47.    Defendant BOOS raped Plaintiff ESSEX.

48.    Upon all information and belief all Defendants knew of the BULKO and COOK incident before CUREN ESSEX was raped.

49.    On or about April of 2008 Plaintiff ELIZABETH ZUBOR, was arrested and placed into a cell in the Livingston County.

50.    On or about April 23, 2008 ELIZABETH ZUBOR, had a court hearing which she was transported by Defendant BOOS.

51.    Defendant BOOS placed Plaintiff ZUBOR in the front seat of the scout car during transport.

52.    Plaintiff ZUBOR was unlawfully subjected to sexual advances and touching by Defendant BOOS.

53.    Defendant BOOS would systematically take male inmates back to jail to isolate the female inmates to allow him the opportunity to make sexual advances and sexual touching towards the female inmates.

54.    Defendant BOOS was allowed this access to the female inmates as a result of the other Defendants failure to create or enforce a policy which allowed Defendant BOOS this one on one contact with the Plaintiffs and other female inmates within the Livingston County Jail.

55.    Other Deputy Sheriffs of the Livingston County Sheriff's Department knew of

Defendant BOOS' repeated conduct of making sexual advances towards Plaintiffs and other female inmates and did nothing to prevent the attacks.

56.     At all times relevant Defendants BEZOTTE knew of Defendant BOOS' unlawful conduct and failed to ratify such conduct nor did they timely do anything to prevent future attacks.

57.     At all times relevant Defendants CREMONTE knew of Defendant BOOS' unlawful conduct and failed to ratify such conduct nor did they timely do anything to prevent future attacks.

58.     At all times relevant, Defendants CREMONTE, BEZOTTE and LIVINGSTON COUNTY knew or reasonably should have know of BOOS' habit and routine of offering female inmates a Hershey Kiss as an introductory of making conversation with the female inmates.

59.     At all times relevant and upon information and belief Defendants CREMONTE, BEZOTTE and LIVINGSTON COUNTY knew or reasonably should have know of BOOS' habit of sexually assaulting and/ or sexual misconduct with female inmates.

60.     Defendant BOOS would then offer the Plaintiffs "a kiss" and then begin to push his body up against the Plaintiffs in a sexual manner which was unwelcome and unsolicited by all Plaintiffs.

61.     Upon all information and belief, Defendant BOOS had sexually assaulted other female inmates in the Livingston County Jail prior to February of 2008.

62.     Upon all information and belief, Defendant BOOS had sexually assaulted other female inmates in the Livingston County Jail in addition to those females identified herein.

63.     Upon all information and belief all Defendants CREMONTE, BEZOTTE, and LIVINGSTON COUNTY knew or reasonably should have known about Defendant BOOS' unlawful

acts towards female inmates.

64.     That as a direct and proximate result of the above and below described actions, all Plaintiffs did and will continue to suffer damages, including, but not limited to:

    a.      Physical pain and suffering;

    b.      Severe emotional injuries;

    c.      Mental anguish;

    d.      Mortification and humiliation;

    e.      embarrassment and denial of social pleasures;

    f.      economic loss including wage loss;

    g.      Medical expenses past present and future;

    h.      Exemplary damages;

    I.      Punitive Damages;

    j.      Attorney fees; and

    k.      Any other damages allowable.

## GENERAL ALLEGATIONS

65.     Plaintiffs hereby restate and reallege each and every paragraph contained within paragraphs 1 through 64 as if fully set forth herein.

66.     Defendants assigned male officers and staff to supervise Plaintiffs in the jail and other female inmates, while being transported to various courthouses, and while at the courthouses without providing adequate training, oversight or mechanisms to ensure the safety, protection and privacy rights of Plaintiffs and other female inmates were protected.

67.     Defendants without adequate procedures, training or supervision, assigned male officers and specifically Defendant RANDY BOOS to transport Plaintiffs to various courthouses

without ensuring the safety of the Plaintiffs and other female inmates.

68.    At all times relevant to this action, Plaintiffs were subjected to a hostile sexual environment within the Livingston County Jail or otherwise within the custody and control of the Defendants.

69.    Male inmates in the Livingston County Jail are not similarly subjected to such treatment.

70.    Upon all information and belief, Defendants were aware of prior complaints against male staff including Defendant BOOS, for sexual misconduct, harassment and invasion of privacy.  Despite this knowledge, Defendants failed to take adequate steps to remedy the situation, deter such sexual misconduct against Plaintiff and ensure the safety for the Plaintiffs.

71.    This conduct by Defendants amounted to a deliberate indifference as to whether Plaintiffs and other female inmates would be sexually attacked and/ or subjected unwarranted and unwanted sexual advances.

72.    Defendants knew or should have known that as a result of their failure to have adequate training, supervision, policies or procedures for the transport and supervision of women inmates, including Plaintiffs, that there was a strong likelihood of sexual misconduct and/ or great bodily harm and injury to Plaintiff.

73.    Defendants knew or should have known that as a result of their failure to have adequate training, supervision, policies or procedures for the transport and supervision of women inmates, as well as knowing that Defendant BOOS had sexually assaulted and/ or made unwanted and unwarranted sexual advances towards other female inmates he would do it again if not stopped.

74.    Defendants in supervisory positions exhibited reckless disregard and deliberate indifference to the degrading treatment and violations of basic privacy rights and safety of Plaintiffs

while they were under the Defendants care and custody by allowing female inmates to be sexually assaulted.

75.     Upon all information and belief, Plaintiffs believe that all Defendants were aware that Plaintiffs were in imminent danger of sexual assault from Defendant BOOS and failed to take adequate steps to prevent the assaults on the Plaintiffs.

76.     The failures, acts and/ or omissions of Defendants, as set forth above are a proximate cause of the Plaintiffs' injuries.

77.     The deprivation of constitutional rights alleged in this complaint are the direct result of the of official policies customs and practices of each of the Defendants LIVINGSTON COUNTY, BEZOTTE, and CREMONTE.

78.     The management practice of the Defendants were so deficient as to constitute willful and intentional neglect of the safety needs and emotional well-being of Plaintiffs.

79.     At all times relevant to this action, Defendant BEZOTTE, CREMONTE, and BOOS were acting under color of law.

## COUNT I
## VIOLATION OF 42 U.S.C. §1983 - RANDY BOOS

80.     Plaintiffs hereby incorporate by reference paragraphs 1 through 79 as if fully set forth herein.

81.     At all times relevant, Defendant BOOS was employed by Livingston County with the Livingston County Sheriff's Department and acting within the course and scope of his employment as a law enforcement officer and under the color of law and clothed with the authority that was granted to him as a Livingston County Deputy Sheriff.

82.     That Defendant BOOS maliciously, wrongfully and recklessly disregarded the

ramifications of his actions by using unlawful force and or otherwise depriving the Plaintiffs of their civil rights including but not limited to their right to be free from unreasonable force, sexual acts, sexual advances, unreasonable search and seizure or subject to punishment without the due process of law, contrary to the Constitution and/ or laws of the United States and the Constitution and/ or laws of the State of Michigan while acting within the course and scope of his employment.

83.     At all times relevant Defendant BOOS was deliberately indifferent towards Plaintiffs and their well being and their constitutionally protected rights to be free from unreasonable force, sexual acts, sexual advances, unreasonable search and seizure or subject to punishment without the due process of law, contrary to the Constitution and/ or laws of the United States and the Constitution and/ or laws of the State of Michigan while acting within the course and scope of his employment.

84.     The actions complained of herein enumerated constitute the deprivation of protected liberty interests and rights secured by the United States Constitution, to wit, violations of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.

85.     All Plaintiffs had a protected liberty interest under the United States Constitution in not being subjected to unreasonable force, sexual conduct, sexual advances amounting to the deliberate indifference to their safety.

86.     That all of the acts omissions by Defendant BOOS constituted the unnecessary and wanton infliction of pain and suffering and emotional distress on the Plaintiffs were committed without justification.

87.     That the above described rape, sexual advances, sexual acts against the Plaintiffs were without legal justification or provocation.

88.     That pursuant to 42 U.S.C. §1983, as well as the 4th, 8th and 14th Amendments to the United States Constitution, Defendant BOOS owed Plaintiffs the duty to act prudently, with reasonable care, and to otherwise avoid the use of unnecessary, unreasonable, excessive and/unlawful activity and to refrain from unreasonable searches and seizures of Plaintiff's person, and to not act deliberately indifferent to Plaintiff's safety and well being.

89.     That the above described acts committed by Defendant BOOS violated Plaintiff's constitutional rights under the 4th, 8th, and 14th amendments to be free from punishment and deprivation of life and liberty, and to be free from unreasonable searches and seizures, and to be free from a deliberate indifference to their safety and well being all of which were violated, without due process of law, by the conduct of Defendant BOOS as described herein.

90.     Defendant BOOS violated each of the Plaintiffs Constitutional Rights by using excessive and improper force against the Plaintiffs in violation of their constitutional rights protected by the 8th, 4th and 14th Amendments to the United States Constitution.

91.     Defendant BOOS' conduct towards all plaintiffs was cruel and unusual in violation of the Plaintiffs' rights protected by the 8th, 4th and 14th Amendments to the United States Constitution.

92.     All of Defendant BOOS' conduct amounted to a constitutional violation of the Plaintiff's rights under the 8th, 4th and 14th Amendments to the United States Constitution.

93.     That as a direct and proximate result of the Defendant BOOS unconstitutional conduct and practices, and his deliberate indifference, as more fully described above, Plaintiffs all suffered the following damages:

        a.      Physical pain and suffering;

        b.      Severe emotional injuries;

      c.       Mental anguish;

      d.       Mortification and humiliation;

      e.       embarrassment and denial of social pleasures;

      f.       economic loss including wage loss;

      g.       Medical expenses past present and future;

      h.       Exemplary damages;

      I.       Punitive Damages;

      j.       Attorney fees; and

      k.       Any other damages allowable.

## COUNT II

## VIOLATION OF 42 U.S.C. §1983 - LIVINGSTON COUNTY

94.     Plaintiffs hereby incorporate by reference paragraphs 1 through 93 as if fully set forth herein.

95.     At all times relevant, and upon all information and belief Defendant LIVINGSTON COUNTY was aware of the sexual acts of Defendant BOOS prior to February of 2008 towards female inmates.

96.     At all times relevant and upon information and belief the practice of performing sexual acts between male Deputy Sheriffs and female inmates was so significant and widespread that Defendant LIVINGSTON COUNTY had actual knowledge and/ or constructive knowledge that this form of conduct was on going between the male Deputy Sheriffs, including Defendant Boos, and female inmates, including inmates.

97.     At all times relevant and upon information and belief the practice of performing sexual acts between Defendant BOOS and female inmates was so significant and

widespread that Defendant LIVINGSTON COUNTY had actual knowledge and/ or constructive

knowledge that this form of conduct was on going between the male Deputy Sheriffs and female

inmates.

98.     That Defendant LIVINGSTON COUNTY and their policy makers acquiesced

in the unlawful sexual contact between Plaintiffs and BOOS.

99.      That Defendant LIVINGSTON COUNTY and their policy makers acquiesced

in the unlawful sexual contact between other female inmates and other Livingston County Deputy

Sheriffs.

100.     Upon all information and belief Defendant LIVNIGSTON COUNTY and their

policy makers knew for a significant period of time prior to February 2008 that sexual conduct

between Livingston County employees and female inmates within the care and custody of Livingston

County was ongoing, prevalent, and widespread.

101.     Upon all information and belief Defendant LIVINGSTON COUNTY and their

policy makers response to this knowledge was so inadequate as to show a deliberate indifference to

the sexual activity between the inmates and male deputy sheriffs.

102.     Upon all information and belief Defendant LIVINGSTON COUNTY and their

policy makers acquiesced in their employees above described unlawful behavior.

103.     Upon all information and belief the policy and custom of LIVINGSTON

COUNTY was willful blindness and to allow the female inmates under the care and custody of

LIVINGSTON COUNTY to allow the unlawful and unconstitutional sexual acts to continue.

104.     The actions complained of herein enumerated constitute the deprivation of

protected liberty interests and rights secured by the United States Constitution, to wit, violations of

the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C.

§1983.

105.    All Plaintiffs had a protected liberty interest under the United States

Constitution in not being subjected to unreasonable force, sexual conduct, sexual advances amounting

to the deliberate indifference to their safety.

106.    Upon all information and belief, the lawmakers within and/ or employed by

Defendant LIVINGSTON COUNTY failure to implement and/ or enforce a policy custom or

procedure made by its lawmakers which allowed their employees and specifically the Deputy Sheriffs

one on one access to women and allowed their Deputy Sheriff's to engage in sexual acts with female

inmates.

107.    Upon all information and belief, the lawmakers within and/ or employed by

Defendant LIVINGSTON COUNTY failure to implement and/ or enforce a policy custom or

procedure made by its lawmakers to account for on a timely basis of the whereabouts of inmates

especially female inmates who had been transferred to court for various hearings.

108.    Upon all information and belief, Defendant LIVINGSTON COUNTY's failure

to implement and/ or enforce a policy custom or procedure made by its lawmakers was the driving

force behind the unconstitutional acts described within this complaint.

109.    The supervision and transportation of Plaintiffs by male officers and subjection

of to unnecessary touching and sexual harassment by male officers violates the prohibition against

cruel and unusual punishment as guaranteed by the Eighth Amendment of the United States

Constitution, and deprived Plaintiffs of the equal protection of the laws under the Fourteenth

Amendment of the United States Constitution.

110.    The Deprivation of the constitutional rights alleged in this complaint are the

direct result of official policy, custom and practices of Defendant LIVINGSTON COUNTY's

deficient and/ or unenforced policies, customs and procedures.

111.    That the Defendant, LIVINGSTON COUNTY, through its appointed officials, has a policy or practice of engaging in the systematic deprivation of civil rights of pre-trial detainees and/ or arrestees by, among other things, a failure to train or supervise deputy sheriffs in the transportation of female inmates, allowing unregulated unsupervised contact between male deputy sheriffs and female inmates was the moving force behind the violations of Plaintiffs' constitutional rights.

112.    That all of the acts omissions by all Defendants constituted the unnecessary and wanton infliction of pain and suffering and emotional distress on the Plaintiffs were committed without justification.

113.    That Defendant LIVINGSTON COUNTY's failure to prevent the sexual assault, sexual misconduct, and sexual advances or otherwise degrading treatment and retaliatory acts which Plaintiffs has been subjected to constitutes deliberate indifference to the Plaintiffs' physical, medical, psychological and emotional needs and amounts to cruel and unusual punishment under the Eighth Amendment to the United States Constitution and 42 U.S.C. §1983.

114.    Defendant LIVINGSTON COUNTY's failure to prevent and remedy the sexual abuse, harassment, degrading treatment, retaliation  and violations of Plaintiff's privacy violates Plaintiffs' rights to equal protection of the law under the Fourteenth Amendment of the United States Constitution, 42 U.S.C. §1983.

115.    Defendant LIVINGSTON COUNTY's employment and assignment of a male officer to transport Plaintiffs and to supervise Plaintiffs in the Livingston Jail and/ or in the various courthouses in a manner in which Defendant BOOS was allowed to inappropriately view, inappropriately touch, inappropriately make sexual advances to the female inmates created a hostile

sexual environment and constitutes discrimination based on sex.  This inferior treatment is not substantially related to an important and legitimate governmental interest and violates Plaintiffs' rights to equal protection under the law and 42 U.S.C. §1983.

116.    That the above described rape, sexual advances, sexual acts against the Plaintiffs were without legal justification or provocation.

117.    That pursuant to 42 U.S.C. §1983, as well as the 4th, 8th and 14th Amendments to the United States Constitution, Defendant LIVINGSTON COUNTY owed Plaintiffs the duty to act prudently, with reasonable care, and to otherwise avoid the use of unnecessary, unreasonable, excessive and/or criminal activity to refrain from unreasonable searches and seizures of Plaintiff's person, and to not act deliberately indifferent to Plaintiff's safety and well being.

118.    That the above described acts committed by the Defendants violated Plaintiff's constitutional rights under the 4th, 8th, and 14th amendments to be free from punishment and deprivation of life and liberty, and to be free from unreasonable searches and seizures, and to be free from a deliberate indifference to their safety and well being all of which were violated, without due process of law, by the conduct of Defendants as described herein.

119.    That at all times relevant to this Complaint, Defendant Livingston County, through its sheriff's department, Sheriff, jail administrator, supervisors, and other policymakers, implemented, maintained, pursued, condoned, and/or tolerated policies, practices, and customs, including those of police officers repeatedly engaging in violent and sexual activity, as well as improper sexual conduct amounting to sexual harassment, which were the motivating force and direct and proximate cause of the unconstitutional raping of Plaintiffs, and other deprivations of constitutional rights alleged herein, and were the result of deliberate indifference.

120.    That these policies, practices, and customs included, but were not limited to:

a.      Failure to properly train, screen, supervise, discipline, transfer, counsel, and/or remove or otherwise control police officers, including Defendant BOOS, who are known or should have been known, to have a propensity for violent acts and/or criminal activities, especially those officers such as Defendant BOOS who were repeatedly accused of and involved with, such improper acts;

b.      Ratification of acts of improper conduct, including violent acts and/or criminal activities with knowledge of their illegality and/or propensity for violence, including such acts conducted by Defendant BOOS in the past, and including acts of sexual misconduct by officers against prisoners, civilians, and/or other officers, by refusing to discipline, counsel, and/or take measures to designed to eliminate such activities from taking place;

c.      A police code of silence wherein other officers and supervisors habitually cover up violent, and/or sexual acts of officers, by fabricating the accounts to the media and in official reports and internal affairs investigations, all of which are designed to falsely exonerate officers from potential civil liability; and

d.      Failing to properly train its police officers, including Defendant BOOS, in the areas of excessive force, sex harassment, and sex abuse, including the seriousness, appropriateness, and legal ramifications of a police officer requesting and/or engaging in sexual acts with detained and/or imprisoned individuals.

e.      Failure to have implemented and/ or enforced a policy regarding the transfer and/ or transportation of female inmates from the Livingston County Jail to various courthouses.

f.      Failure to have implemented and/ or enforced a policy, custom, practice or procedure regarding the transportation of female inmates specifically with regards to the timing that they were be gone from the jail to properly account for their whereabouts;

g.      Having a custom and practice of knowingly allowing the deputy sheriffs to engage in sexual conduct with inmates of the opposite sex;

h.      Having a custom and practice of knowingly allowing the deputy sheriffs to engage in sexual conduct with inmates of the opposite sex to which the deputy sheriff's who engaged in such conduct went unpunished, uninvestigated and undisciplined making LIVINGSTON COUNTY and their policy makers active participants in the alleged acts;

i.      LIVINGSTON COUNTY and their policy makers had a policy, custom, practice and procedure that was so deficient as to protect the safety of the female inmates during transportation to the courts and their confinement at

the court that was the driving force behind the sexual acts performed upon various women;

121.    That the *de facto* policy of failing to train, screen, discipline, supervise, transfer, remove and/or control errant officers, including Defendant BOOS, is evidenced by the following:

    a.    Defendant BOOS was allowed to remain with the sheriff's department notwithstanding his previous propensity to make sexual advances or otherwise inappropriate conduct towards female inmates;

    b.    Permitting Defendant BOOS to remain with the Sheriff's department when the Defendant Livingston County and its policymakers knew he had a propensity for sexual misconduct, and entrusting him into a an unsupervised position with unlimited authority over detained, incarcerated, helpless, and vulnerable women within the custody and control of the Livingston County Jail.

    c.    Permitting other deputy sheriff's including former Deputy BOOS to remain employed with the department notwithstanding the Defendant Livingston County and their policymakers knowing such deputy had a history of engaging in sexual crimes and misconduct, and engaging in other illegal criminal conduct, and thus permitting them the vehicle of a sheriff's badge and uniform to further carry out his known criminal propensities and behaviors.

122.    That all of the above acts and failure to act on behalf of Defendant LIVINGSTON COUNTY makes them active participants giving them actual and/ or constructive knowledge that their subordinate was engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the plaintiffs.

123.    That as a direct and proximate result of the Defendant LIVINGSTON COUNTY, unconstitutional policies, practices, and customs, and its deliberate indifference to their enforcement, as more fully described above, Plaintiffs all suffered the following damages:

    a.    Physical pain and suffering;

    b.    Severe emotional injuries;

    c.    Mental anguish;

d.      Mortification and humiliation;

e.      embarrassment and denial of social pleasures;

f.      economic loss including wage loss;

g.      Medical expenses past present and future;

h.      Exemplary damages;

i.      Punitive Damages;

j.      Attorney fees; and

k.      Any other damages allowable.

**COUNT III**

**VIOLATION OF 42 U.S.C. §1983 - SHERIFF BEZOTTE**

124.    Plaintiffs hereby incorporate by reference paragraphs 1 through 120 as if fully set forth herein.

125.    At all times relevant, Defendants BEZOTTE, was and is employed by Livingston County as the Sheriff and acting within the course and scope of his employment as a law enforcement officer and under the color of law and clothed with the authority that was granted them as the Livingston County Sheriff.

126.    That upon all information and belief Defendant BEZOTTE BOOS maliciously, wrongfully and recklessly disregarded the ramifications of his actions by allowing deputies including Defendant BOOS to use unlawful force and or otherwise depriving the Plaintiffs of their civil rights including but not limited to their right to be free from unreasonable force, sexual acts, sexual advances, unreasonable search and seizure or subject to punishment without the due process of law, contrary to the Constitution and/ or laws of the United States and the Constitution and/ or laws of the State of Michigan while acting within the course and scope of his employment.

127.    The actions complained of herein enumerated constitute the deprivation of

protected liberty interests and rights secured by the United States Constitution, to wit, violations of

the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C.

§1983.

128.    At all times relevant and upon all information and belief Defendant BEZOTTE

exhibited a deliberate indifference to the unlawful conduct that was widespread and prevalent

throughout the Livingston County Jail which includes deputies sheriffs and specifically Deputy BOOS

to engage in sexual conduct with female inmates.

129.    This above described conduct amounted to constitutional violations of the

Plaintiffs.

130.    All Plaintiffs had a protected liberty interest under the United States

Constitution in not being subjected to unreasonable force, sexual conduct, sexual advances amounting

to the deliberate indifference to their safety.

131.    Upon all information and belief Defendant BEZOTTE with actual knowledge

and/ or constructive knowledge of the widespread and pervasive sexual activity that was on going

between the Deputy Sheriffs and inmates including Defendant BOOS and Plaintiffs, he failed to

prevent and remedy the sexual assaults, harassment degrading treatment and privacy violations by

Defendants and employees of the Livingston County Sheriff's Department and the Livingston County

Jail, which amounted to and constitutes and official policy, custom, pattern or practice that has

deprived Plaintiffs of their constitutional right to bodily integrity and right to privacy without

penalogical justification and without due process of law in violation of the Fourth, Eighth and

Fourteenth Amendments of the United States Constitution and 42 U.S.C. §1983.

132.    The supervision and transportation of Plaintiffs by male officers and subjection

of to unnecessary touching and sexual harassment by male officers violates the prohibition against cruel and unusual punishment as guaranteed by the Eighth Amendment of the United States Constitution, and deprived Plaintiffs of the equal protection of the laws under the Fourteenth Amendment of the United States Constitution.

133.    The Deprivation of the constitutional rights alleged in this complaint are the direct result of official policy, custom and practices of Defendants and each of them.

134.    That the Defendant BEZOTTE, as Sheriff of Livingston County in principal charge of the investigation of the allegations of police misconduct failed to investigate the allegations of Plaintiffs' complaints and other inmate complaints of the sexual misconduct and sexual advances towards female inmates by Deputy Sheriffs and RANDY BOOS amounting to an official policy or practice of Livingston County regarding the deliberate indifference to the deprivation of citizen's civil rights.

135.    That the Defendant, LIVINGSTON COUNTY, through its appointed officials, has a policy or practice of engaging in the systematic deprivation of civil rights of pre-trial detainees and/ or arrestees by, among other things, a failure to train or supervise deputy sheriffs in the transportation of female inmates, allowing unregulated unsupervised contact between male deputy sheriffs and female inmates was the moving force behind the violations of Plaintiffs' constitutional rights.

136.    That all of the acts omissions by all Defendants constituted the unnecessary and wanton infliction of pain and suffering and emotional distress on the Plaintiffs were committed without justification.

137.    That Defendant BEAZOTTE's failure to prevent the sexual assault, sexual misconduct, and sexual advances or otherwise degrading treatment and retaliatory acts which

Plaintiffs has been subjected to constitutes deliberate indifference to the Plaintiffs' physical, medical, psychological and emotional needs and amounts to cruel and unusual punishment under the Eighth Amendment to the United States Constitution and 42 U.S.C. §1983.

138.    Upon all information and belief Defendant BEZOTTE's failure to prevent and remedy the sexual abuse, harassment, degrading treatment, retaliation and violations of Plaintiff's privacy violates Plaintiffs' rights to equal protection of the law under the Fourteenth Amendment of the United States Constitution, 42 U.S.C. §1983.

139.    Defendant BEZOTTE's employment and assignment of a male officer to transport Plaintiffs and to supervise Plaintiffs in the Livingston Jail and/ or in the various courthouses in a manner in which Defendant BOOS was allowed to inappropriately view, inappropriately touch, inappropriately make sexual advances to the female inmates created a hostile sexual environment and constitutes discrimination based on sex. This inferior treatment is not substantially related to an important and legitimate governmental interest and violates Plaintiffs' rights to equal protection under the law and 42 U.S.C. §1983.

140.    That the above described rape, sexual advances, sexual acts against the Plaintiffs were without legal justification or provocation.

141.    That pursuant to 42 U.S.C. §1983, as well as the 4th, 8th and 14th Amendments to the United States Constitution, Defendant BEZOTTE owed Plaintiffs the duty to act prudently, with reasonable care, and to otherwise avoid the use of unnecessary, unreasonable, excessive and/or criminal activity to refrain from unreasonable searches and seizures of Plaintiff's person, and to not act deliberately indifferent to Plaintiff's safety and well being.

142.    That the above described acts committed by the Defendants violated Plaintiff's constitutional rights under the 4th, 8th, and 14th amendments to be free from punishment and

deprivation of life and liberty, and to be free from unreasonable searches and seizures, and to be free

from a deliberate indifference to their safety and well being all of which were violated, without due

process of law, by the conduct of Defendants as described herein.

143.    That at all times relevant to this Complaint, Defendant Livingston County,

through its sheriff's department, Sheriff, jail administrator, supervisors, and other policymakers,

implemented, maintained, pursued, condoned, and/or tolerated policies, practices, and customs,

including those of police officers repeatedly engaging in violent and sexual criminal activity, as well

as improper sexual conduct amounting to sexual harassment, which were the motivating force and

direct and proximate cause of the unconstitutional raping of Plaintiffs, and other deprivations of

constitutional rights alleged herein, and were the result of deliberate indifference.

144.    That these policies, practices, and customs included, but were not limited to:

    a.    Failure to properly train, screen, supervise, discipline, transfer, counsel, and/or remove or otherwise control police officers, including Defendant BOOS, who are known or should have been known, to have a propensity for violent acts and/or criminal activities, especially those officers such as Defendant BOOS who were repeatedly accused of and involved with, such improper acts;

    b.    Ratification of acts of improper conduct, including violent acts and/or criminal activities with knowledge of their illegality and/or propensity for violence, including such acts conducted by Defendant BOOS in the past, and including acts of sexual misconduct by officers against prisoners, civilians, and/or other officers, by refusing to discipline, counsel, and/or take measures to designed to eliminate such activities from taking place;

    c.    A police code of silence wherein other officers and supervisors habitually cover up violent, criminal, and/or sexual acts of officers, by fabricating the accounts to the media and in official reports and internal affairs investigations, all of which are designed to falsely exonerate officers from potential civil liability; and

    d.    Failing to properly train its police officers, including Defendant BOOS, in the areas of excessive force, sex harassment, and sex abuse, including the seriousness, appropriateness, and legal ramifications of a police officer requesting and/or engaging in sexual acts with detained and/or imprisoned

individuals.

e.     Failure to have implemented and/ or enforced a policy regarding the transfer and/ or transportation of female inmates from the Livingston County Jail to various courthouses.

f.     Failure to have implemented and/ or enforced a policy, custom, practice or procedure regarding the transportation of female inmates specifically with regards to the timing that they were be gone from the jail to properly account for their whereabouts;

g.     Having a custom and practice of knowingly allowing the deputy sheriffs to engage in sexual conduct with inmates of the opposite sex;

h.     Having a custom and practice of knowingly allowing the deputy sheriffs to engage in sexual conduct with inmates of the opposite sex to which the deputy sheriff's who engaged in such conduct went unpunished, uninvestigated and undisciplined making LIVINGSTON COUNTY and their policy makers active participants in the alleged acts;

i.     LIVINGSTON COUNTY and their policy makers had a policy, custom, practice and procedure that was so deficient as to protect the safety of the female inmates during transportation to the courts and their confinement at the court that was the driving force behind the sexual acts performed upon various women;

145.   That the *de facto* policy of failing to train, screen, discipline, supervise, transfer, remove and/or control errant officers, including Defendant BOOS, is evidenced by the following:

a.     Defendant BOOS was allowed to remain with the sheriff's department notwithstanding his previous propensity to make sexual advances or otherwise inappropriate conduct towards female inmates;

b.     Permitting Defendant BOOS to remain with the Sheriff's department when the Defendant Livingston County and its policymakers knew he had a propensity for sexual misconduct, and entrusting him into a an unsupervised position with unlimited authority over detained, incarcerated, helpless, and vulnerable women within the custody and control of the Livingston County Jail.

c.     Permitting other deputy sheriff's including former Deputy BOOS to remain employed with the department notwithstanding the Defendant Livingston County and their policymakers knowing such deputy had a history of engaging in sexual crimes and misconduct, and engaging in other illegal criminal

conduct, and thus permitting them the vehicle of a sheriff's badge and uniform to further carry out his known criminal propensities and behaviors.

146.    Upon all information and belief Defendant BEZOTTE violated each of the Plaintiffs Constitutional Rights knowingly allowing Deputy Sheriffs under his control to engage in sexual acts with inmates in the Livingston County Jail all of which amounted to the use of excessive and improper force against the Plaintiffs in violation of their constitutional rights protected by the 8th, 4th and 14th Amendments to the United States Constitution.

147.    Defendant BEZOTTE's conduct towards all plaintiffs was cruel and unusual in violation of the Plaintiffs' rights protected by the 8th, 4th and 14th Amendments to the United States Constitution.

148.    All of Defendant BEZOTTE's conduct amounted to a constitutional violation of the Plaintiff's rights under the 8th, 4th and 14th Amendments to the United States Constitution.

149.    That Defendant BEZOTTE's conduct as described above was the moving force behind the unlawful acts which took place within the Livnigston County Jail as described within this complaint.

150.    That as a direct and proximate result of the Defendant LIVINGSTON COUNTY, Defendant BEZOTTE and Defendant CREMONTE's unconstitutional policies, practices, and customs, and its deliberate indifference, as more fully described above, Plaintiffs all suffered the following damages:

      a.    Physical pain and suffering;

      b.    Severe emotional injuries;

      c.    Mental anguish;

      d.    Mortification and humiliation;

e.      embarrassment and denial of social pleasures;

f.      economic loss including wage loss;

g.      Medical expenses past present and future;

h.      Exemplary damages;

I.      Punitive Damages;

j.      Attorney fees; and

k.      Any other damages allowable.

### COUNT IV

### VIOLATION OF 42 U.S.C. §1983 - JAIL ADMINISTRATOR CREMONTE

151.    Plaintiffs hereby incorporate by reference paragraphs 1 through 150 as if fully set forth herein.

152.    At all times relevant, Defendant CREMONTE, was employed by Livingston County with the Livingston County Sheriff's Department and acting within the course and scope of their employment as a law enforcement officer and under the color of law and clothed with the authority that was granted to him as the Livingston County Jail Administrator.

153.    That Defendant CREMONTE maliciously, wrongfully and recklessly disregarded the ramifications of his actions by knowingly allowing Deputy Sheriffs under his supervision and control to using unlawful force and or otherwise depriving the Plaintiffs of their civil rights including but not limited to their right to be free from unreasonable force, sexual acts, sexual advances, unreasonable search and seizure or subject to punishment without the due process of law, contrary to the Constitution and/ or laws of the United States and the Constitution and/ or laws of the State of Michigan while acting within the course and scope of his employment.

154.    The actions complained of herein enumerated constitute the deprivation of

protected liberty interests and rights secured by the United States Constitution, to wit, violations of the Fourth and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. §1983.

155.    All Plaintiffs had a protected liberty interest under the United States Constitution in not being subjected to unreasonable force, sexual conduct, sexual advances amounting to the deliberate indifference to their safety.

156.    Upon all information and belief Defendant CREMONTE had either actual knowledge and/ or constructive knowledge that the improper sexual activity between deputy sheriffs and inmates was ongoing, widespread and pervasive.  With the specific knowledge his failure to prevent and remedy the sexual assaults, harassment degrading treatment and privacy violations by Defendants and employees of the Livingston County Sheriff's Department and the Livingston County Jail, constitutes and official policy, custom, pattern or practice that has deprived Plaintiffs of their constitutional right to bodily integrity and right to privacy without penalogical justification and without due process of law in violation of the Fourth, Eighth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §1983.

157.    The supervision and transportation of Plaintiffs by male officers and subjection of  to unnecessary touching and sexual harassment by male officers violates the prohibition against cruel and unusual punishment as guaranteed by the Eighth Amendment of the United States Constitution, and deprived Plaintiffs of the equal protection of the laws under the Fourteenth Amendment of the United States Constitution.

158.    The Deprivation of the constitutional rights alleged in this complaint are the direct result of official policy, custom and practices of Defendant CREMONTE and/ or his failure to enforce the polocy, custom or practice thereby ratifying the conduct and becoming an active

participant in such unlawful conduct.

159.    That the Defendant CREMONTE, as Jail Administrator of the Livingston County Jail in charge of the day to day operations within the Livingston County Jail failed to prevent the widespread and pervasive and ongoing sexual conduct between Livingston County Deputy Sheriffs and inmates including BOOS and Plaintiffs in light of the fact that he had the specific and or constructive knowledge that these acts had been ongoing. This conduct amounts to an official policy or practice of Livingston County regarding the deliberate indifference to the deprivation of citizen's civil rights.

160.    That the Defendant, CREMONTE has a policy or practice of engaging in the systematic deprivation of civil rights of pre-trial detainees and/ or arrestees by, among other things, a failure to train or supervise deputy sheriffs in the transportation of female inmates, allowing unregulated unsupervised contact between male deputy sheriffs and female inmates was the moving force behind the violations of Plaintiffs' constitutional rights.

161.    That Defendant CREMONTE as employed as the Jail Administrator for the Livingston County Jail was in charge of the day to day operations of the jail which includes the supervision of the transportation of the female inmates.

162.    That all of Defendant CREMONTE actions and inactions amounted to a deliberate indifference to the Plaintiffs protected constitutional rights as identified within this complaint.

163.    That all of the acts omissions by Defendant CREMONTE constituted the unnecessary and wanton infliction of pain and suffering and emotional distress on the Plaintiffs were committed without justification.

164.    That Defendant CREMONTE's failure to prevent the sexual assault, sexual

misconduct, and sexual advances or otherwise degrading treatment and retaliatory acts which Plaintiffs has been subjected to constitutes deliberate indifference to the Plaintiffs' physical, medical, psychological and emotional needs and amounts to cruel and unusual punishment under the Eighth Amendment to the United States Constitution and 42 U.S.C. §1983.

165.    Defendant CREMONTE's failure to prevent and remedy the sexual abuse, harassment, degrading treatment, retaliation  and violations of Plaintiff's privacy violates Plaintiffs' rights to equal protection of the law under the Fourteenth Amendment of the United States Constitution, 42 U.S.C. §1983.

166.    Defendant CREMONTE's employment and assignment of a male officer to transport Plaintiffs and to supervise Plaintiffs in the Livingston Jail and/ or in the various courthouses in a manner in which Defendant BOOS was allowed to inappropriately view, inappropriately touch, inappropriately make sexual advances to the female inmates created a hostile sexual environment and constitutes discrimination based on sex.  This inferior treatment is not substantially related to an important and legitimate governmental interest and violates Plaintiffs' rights to equal protection under the law and 42 U.S.C. §1983.

167.    That the above described rape, sexual advances, sexual acts against the Plaintiffs were without legal justification or provocation.

168.    That pursuant to 42 U.S.C. §1983, as well as the 4th, 8th and 14th Amendments to the United States Constitution, Defendant CREMONTE owed Plaintiffs the duty to act prudently, with reasonable care, and to otherwise avoid the use of unnecessary, unreasonable, excessive and/or criminal activity to refrain from unreasonable searches and seizures of Plaintiff's person, and to not act deliberately indifferent to Plaintiff's safety and well being.

169.    That the above described acts committed by the Defendant CREMONTE

violated Plaintiff's constitutional rights under the 4th, 8th, and 14th amendments to be free from punishment and deprivation of life and liberty, and to be free from unreasonable searches and seizures, and to be free from a deliberate indifference to their safety and well being all of which were violated, without due process of law, by the conduct of Defendants as described herein.

170.    That at all times relevant to this Complaint, Defendant Livingston County, through its sheriff's department, Sheriff, jail administrator, supervisors, and other policymakers, implemented, maintained, pursued, condoned, and/or tolerated policies, practices, and customs, including those of police officers repeatedly engaging in violent and sexual criminal activity, as well as improper sexual conduct amounting to sexual harassment, which were the motivating force and direct and proximate cause of the unconstitutional raping of Plaintiffs, and other deprivations of constitutional rights alleged herein, and were the result of deliberate indifference.

171.    That these policies, practices, and customs included, but were not limited to:

a.    Failure to properly train, screen, supervise, discipline, transfer, counsel, and/or remove or otherwise control police officers, including Defendant BOOS, who are known or should have been known, to have a propensity for violent acts and/or criminal activities, especially those officers such as Defendant BOOS who were repeatedly accused of and involved with, such improper acts;

b.    Ratification of acts of improper conduct, including violent acts and/or criminal activities with knowledge of their illegality and/or propensity for violence, including such acts conducted by Defendant BOOS in the past, and including acts of sexual misconduct by officers against prisoners, civilians, and/or other officers, by refusing to discipline, counsel, and/or take measures to designed to eliminate such activities from taking place;

c.    A police code of silence wherein other officers and supervisors habitually cover up violent, criminal, and/or sexual acts of officers, by fabricating the accounts to the media and in official reports and internal affairs investigations, all of which are designed to falsely exonerate officers from potential civil liability; and

d.    Failing to properly train its police officers, including Defendant BOOS, in the areas of excessive force, sex harassment, and sex abuse, including the

seriousness, appropriateness, and legal ramifications of a police officer requesting and/or engaging in sexual acts with detained and/or imprisoned individuals.

    e.    Failure to have implemented and/ or enforced a policy regarding the transfer and/ or transportation of female inmates from the Livingston County Jail to various courthouses.

    f.    Failure to have implemented and/ or enforced a policy, custom, practice or procedure regarding the transportation of female inmates specifically with regards to the timing that they were be gone from the jail to properly account for their whereabouts;

    g.    Having a custom and practice of knowingly allowing the deputy sheriffs to engage in sexual conduct with inmates of the opposite sex;

    h.    Having a custom and practice of knowingly allowing the deputy sheriffs to engage in sexual conduct with inmates of the opposite sex to which the deputy sheriff's who engaged in such conduct went unpunished, uninvestigated and undisciplined making LIVINGSTON COUNTY and their policy makers active participants in the alleged acts;

    i.    LIVINGSTON COUNTY and their policy makers had a policy, custom, practice and procedure that was so deficient as to protect the safety of the female inmates during transportation to the courts and their confinement at the court that was the driving force behind the sexual acts performed upon various women;

172.    That the *de facto* policy of failing to train, screen, discipline, supervise, transfer, remove and/or control errant officers, including Defendant BOOS, is evidenced by the following:

    a.    Defendant BOOS was allowed to remain with the sheriff's department notwithstanding his previous propensity to make sexual advances or otherwise inappropriate conduct towards female inmates;

    b.    Permitting Defendant BOOS to remain with the Sheriff's department when the Defendant Livingston County and its policymakers knew he had a propensity for sexual misconduct, and entrusting him into a an unsupervised position with unlimited authority over detained, incarcerated, helpless, and vulnerable women within the custody and control of the Livingston County Jail.

    c.    Permitting other deputy sheriff's including former Deputy BOOS to remain employed with the department notwithstanding the Defendant Livingston

County and their policymakers knowing such deputy had a history of engaging in sexual crimes and misconduct, and engaging in other illegal criminal conduct, and thus permitting them the vehicle of a sheriff's badge and uniform to further carry out his known criminal propensities and behaviors.

173.    Defendant CREMONTE violated each of the Plaintiffs Constitutional Rights by knowingly allowing and thereby an active participant in the conduct of Defendant BOOS and other Deputy Sheriffs to use excessive and improper force against the Plaintiffs and others in violation of their constitutional rights protected by the 8th, 4th and 14th Amendments to the United States Constitution.

174.    Defendant CREMONTE's conduct towards all plaintiffs was cruel and unusual in violation of the Plaintiffs' rights protected by the 8th, 4th and 14th Amendments to the United States Constitution.

175.    All of Defendant CREMONTE's conduct amounted to a constitutional violation of the Plaintiff's rights under the 8th, 4th and 14th Amendments to the United States Constitution.

176.    That as a direct and proximate result of the Defendant CREMONTE's unconstitutional policies, practices, and customs, and its deliberate indifference, as more fully described above, Plaintiffs all suffered the following damages:

    a.    Physical pain and suffering;

    b.    Severe emotional injuries;

    c.    Mental anguish;

    d.    Mortification and humiliation;

    e.    embarrassment and denial of social pleasures;

    f.    economic loss including wage loss;

g.      Medical expenses past present and future;

h.      Exemplary damages;

I.      Punitive Damages;

j.      Attorney fees; and

k.      Any other damages allowable.

WHEREFORE, Plaintiffs respectfully request this Honorable Court enter judgment

in their favor against all Defendants, jointly and severally, and in excess of $75,000.00 exclusive

of costs interest and attorney fees.

Respectfully submitted,

**_FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX, P.C._**

**s/James J. Harrington, IV**
GEOFFREY N. FIEGER (P 30441)
JAMES J. HARRINGTON, IV(P65351)
Attorneys for Plaintiffs
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555
j.harrington@fiegerlaw.com

Dated:  November 20, 2009

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

CUREN ESSEX, ALICIA BULKO
SUSAN COOK, and
ELIZABETH ZUBOR,

        Plaintiffs,                              Case No.2:09-cv-11095

                                                  Hon. Arthur J. Tarnow

v

LIVINGSTON COUNTY, a municipal corporation,
ROBERT BEZOTTE in his individual capacity
as the Livingston County Sheriff, TOM CREMONTE in his
individual capacity as the Livingston County Jail Administrator,
and RANDY BOOS in his individual capacity,
Jointly and Severally,

        Defendants.

_____

| | |
|---|---|
| GEOFFREY N. FIEGER (P30441) | THOMAS A. MATTHEWS (P28414) |
| JAMES J. HARRINGTON, IV (P65351) | Attorneys for Defendant Boos, ONLY |
| Attorneys for Plaintiffs | 2000 Grand River Annex, Ste. 200 |
| Fieger, Fieger, Kenney, Johnson & Giroux, P.C. | Brighton, MI 48114 |
| 19390 W. Ten Mile Rd. | (810) 227-7878 |
| Southfield, MI  48075 | tmattlaw@aol.com |
| (248) 355-5555 | |
| j.harrington@fiegerlaw.com | |

T. JOSEPH SEWARD (P35095)
Attorney for Defendants Livingston County,
Robert Bezotte and Tom Cremonte, only
Cummings, McClorey, Davis & Acho, P.L.C.
33900 Schoolcraft Road
Livonia, MI 48150
(7344) 261-2400
tiseward@cmda-law.com

_____

## RELIANCE ON DEMAND FOR TRIAL BY JURY

        WHEREFORE, Plaintiffs respectfully relies on the demands for a trial by jury previously

filed in this matter.

Respectfully submitted,

***FIEGER, FIEGER, KENNEY, JOHNSON & GIROUX, P.C.***

**s/James J. Harrington, IV**
GEOFFREY N. FIEGER (P 30441)
JAMES J. HARRINGTON, IV(P65351)
Attorneys for Plaintiffs
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555
j.harrington@fiegerlaw.com

Dated:  November 20, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on Friday, November 20, 2009, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all participating attorneys.

s/james J. Harrington, Iv (P65351)
GEOFFREY N. FIEGER (P-30441)
JAMES J. HARRINGTON, IV (P65351)
Attorneys for Plaintiff
19390 W. 10 Mile Road
Southfield, MI 48075
(248) 355-5555
j.harrington@figerlaw.com