UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CUREN ESSEX,
ALICIA BULKO,
ELIZABETH ZUBOR,
SUSAN COOK and
SUSAN TERRELL,

                              CASE NO. 2:09-CV-11095
          Plaintiffs,       JUDGE ARTHUR J. TARNOW
                              MAGISTRATE JUDGE PAUL J. KOMIVES

v.

COUNTY OF LIVINGSTON,
ROBERT BEZOTTE,
TOM CREMONTE and
RANDY BOOS,

          Defendants,
_____/

## ORDER GRANTING AS UNOPPOSED DEFENDANT BOOS'S NOVEMBER 23, 2010 MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND FOR COSTS
### (Doc. Ent. 44)

**A.    Background**

**1.**    Plaintiffs Curen Essex, Alicia Bulko, Susan Cook and Elizabeth Zubor filed this lawsuit on March 24, 2009 against Livingston County, Robert Bezotte, Tom Cremonte and Randy Boos based upon events which allegedly took place during February 2008 and April 2008. Doc. Ent. 1. Defendants Livingston County, Bezotte and Cremonte filed an answer on July 6, 2009. Doc. Ent. 9. Plaintiff filed a response to the affirmative defenses on July 10, 2009. Doc. Ent. 10.[1]

---

[1] On July 29, 2009, defendants Livingston County, Bezotte and Cremonte filed a motion for judgment on the pleadings (Doc. Ent. 12). However, on November 3, 2010, the motion was withdrawn and plaintiff was to file an amended complaint by November 17, 2009.

1

On November 20, 2009, plaintiffs filed a first amended complaint. Doc. Ent. 19. Defendants Livingston County, Bezotte and Cremonte filed an answer on December 11, 2009. Doc. Ent. 21. On December 14, 2009, plaintiffs filed a response to the affirmative defenses. Doc. Ent. 22

On December 17, 2009, defendant Boos filed an answer and affirmative defenses. Doc. Entries 23 and 24. On December 29, 2009, plaintiffs filed a response to the affirmative defenses. Doc. Ent. 26.

**2.**   On March 24, 2010, Susan Terrell filed a lawsuit against Livingston County, Bezotte, Cremonte and Boos based upon events which allegedly took place on April 22, 2008. Doc. Ent. 1. Defendants filed answers to this complaint during May 2010. Doc. Entries 10-12.

On August 12, 2010, Judge Tarnow entered an order consolidating cases 10-11177 (Doc Ent. 21) and 09-11095 (Doc. Ent. 36).

**B.**   **Discovery**

On November 3, 2009, Judge Tarnow set the discovery deadline for March 5, 2010. On March 2, 2010, the discovery deadline was extended to June 3, 2010 (Doc. Ent. 30),[2] and on June 14, 2010 the discovery deadline was extended to September 3, 2010 (Doc. Ent. 32).[3]

On August 27, 2010, Judge Tarnow conducted a scheduling conference, and the

---

[2]On June 3, 2010, defendants Livingston County, Bezotte and Cremonte filed a motion to compel discovery (Doc. Ent. 31). Judge Tarnow referred this motion to me (Doc. Ent. 33) and a hearing was noticed for September 29, 2010 (Doc. Ent. 40). However, on September 16, 2010, the motion was withdrawn (Doc. Ent. 42).

[3]On August 3, 2010, defendant Boos filed a motion to compel answers to interrogatories and for costs (Doc. Ent. 34). Judge Tarnow referred this motion to me (Doc. Ent. 38) and a hearing was noticed for September 15, 2010 (Doc. Ent. 39). However, on September 14, 2010, the motion was withdrawn (Doc. Ent. 41).

discovery deadline was extended to May 4, 2011.

**C.     Pending Motions**

**1.**     Currently before the Court is defendant Livingston County, Bezotte and Cremonte's November 12, 2010 motion for summary judgment. Doc. Ent. 43. Therein, they argue:

> I.     PLAINTIFFS HAVE FAILED TO ESTABLISH A §1983 CLAIM AGAINST DEFENDANT LIVINGSTON COUNTY BECAUSE PLAINTIFFS CANNOT SHOW THAT THE COUNTY'S POLICY OR CUSTOM CAUSED THE ALLEGED CONSTITUTIONAL VIOLATION.
>
> II.    PLAINTIFFS HAVE FAILED TO ESTABLISH A §1983 CLAIM AGAINST SHERIFF BEZOTTE AND JAIL ADMINISTRATOR CREMONTE IN THEIR INDIVIDUAL CAPACITIES.
>
> III.   DEFENDANTS SHERIFF BEZOTTE AND JAIL ADMINISTRATOR CREMONTE ARE ALTERNATIVELY ENTITLED TO QUALIFIED IMMUNITY BECAUSE THEY DID NOT VIOLATE PLAINTIFFS' CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. §1983.

Doc. Ent. 43 at 4.

On December 7, 2010, Judge Tarnow entered a stipulated order setting the deadline for plaintiffs' response for December 17, 2010. Doc. Ent. 46. On January 19, 2011, plaintiffs Terrell (Doc. Ent. 54) and Essex, Bulko, Cook and Zubor (Doc. Ent. 55) filed their answers.

**2.**     On November 23, 2010, defendant Randy Boos filed a motion to compel answers to interrogatories and for costs. Doc. Ent. 44. Judge Tarnow has referred this motion to me for hearing and determination. Doc. Ent. 47.

**3.**     On January 21, 2011, plaintiffs Essex, Bulko, Cook and Zubor filed a Rule 56(f) motion for a continuance of plaintiffs' response due date as well as a hearing date on defendants' motion for summary judgment. Doc. Ent. 56.

**C.     Analysis**

Defendant Boos claims that he served interrogatories upon plaintiff Terrell on August 3, 2010. Doc. Ent. 44 ¶ 1.[4] Although defendant Boos claims that a copy of these requests was attached to the motion as Exhibit A, no such attachment was filed. *See* E.D. Mich. LR 37.2 ("Any discovery motion filed pursuant to Fed. R. Civ. P. 26 through 37, shall include, in the motion itself or in an attached memorandum, a verbatim recitation of each interrogatory, request, answer, response, and objection which is the subject of the motion or a copy of the actual discovery document which is the subject of the motion.").

However, assuming defendant Boos served interrogatories on August 3, 2010, "[t]he responding party must serve its answers and any objections within 30 days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court." Fed. R. Civ. P. 33(b)(2). Therefore, any response to interrogatories served on August 3, 2010 would be due on or about September 7, 2010. Fed. R. Civ. P. 6(a)(1)(C), Fed. R. Civ. P. 6(a)(6)(A), Fed. R. Civ. P. 6(d). In defendant Boos's November 23, 2010 motion, he represents that plaintiff has not "filed objections to [the] Interrogatories, requested a Protective Order, or filed a Motion for extension of time to answer [the] Interrogatories." Doc. Ent. 44 ¶ 3.

Upon consideration, defendant Boos's November 23, 2010 motion to compel (Doc. Ent. 44) is granted as unopposed. "A response to a nondispositive motion must be filed within 14 days after service of the motion." E.D. Mich. LR 7.1(e)(2)(B). Also, "[a] respondent opposing a motion must file a response, including a brief and supporting documents then available." E.D. Mich. LR 7.1(c)(1). Any response to defendant Boos's November 23, 2010 motion to compel

---

[4] A certificate of service with respect to this motion has been filed. Doc. Ent. 45.

4

was due on or about December 10, 2010. Fed. R. Civ. P. 6(d). To date, plaintiff Terrell has not filed a response to the instant motion.

Likewise, defendant Boos's request for an award of "costs including a reasonable attorney fee, incurred in the filing and hearing of this Motion[,]" Doc. Ent. 44 at 2, is granted and shall be applied for in the manner described below. A hearing on this motion was never noticed by this Court. Therefore, the Court assumes that defendant Boos's request for reimbursement will not exceed two (2) hours of legal fees for the preparation and filing of this motion; this was a simple, 2-page motion to compel based on an alleged failure to respond to interrogatories.

**D.     Order**

Accordingly, defendant Boos's November 23, 2010 motion to compel (Doc. Ent. 44) is GRANTED. Plaintiff Terrell shall serve responses to defendant Boos's August 3, 2010 discovery requests no later than fourteen (14) days from the date of this order, unless an appeal of this order is filed.

Defendant Boos's request for an award of costs and/or attorney fees is GRANTED. Defense counsel is to submit to the Court a letter detailing the amount of time spent preparing and filing the November 23, 2010 motion to compel, complete with detail regarding the type of work performed, the identity of the individual who performed the work listed and the corresponding billing rate.

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of service of a copy of this order within which to file an appeal for consideration by the district judge under 28 U.S.C. § 636(b)(1).

|  | s/Paul J. Komives |
|---|---|
|  | PAUL J. KOMIVES |
| Dated: 1/24/11 | UNITED STATES MAGISTRATE JUDGE |

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on January 24, 2011.
>
> s/Eddrey Butts
> Case Manager