UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CUREN ESSEX, ALICIA BULKO,
SUSAN COOK, ELIZABETH ZUBOR,
and SUSAN TERRELL,
        Plaintiff,

       V

CASE NO. 09-11095

HON. ARTHUR J. TARNOW

LIVINGSTON COUNTY, a municipal corporation,
ROBERT BEZOTTE in his individual capacity as
the Livingston County Sheriff, TOM CREMONTE
in his individual capacity as the Livingston County
Jail Administrator, and RANDY BOOS, in his
individual capacity, Jointly and Severally,
        Defendant.

---

**GEOFFRY N. FIEGER (P30441)**
**JAMES J. HARRINGTON (P65351)**
19390 West Ten Mile Road
Southfield, MI  48075
(248) 355-5555
Attorneys for Plaintiffs
Essex, Bulko, Cook and Zubor

**CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.**
**By:  T. JOSEPH SEWARD (P35095)**
33900 Schoolcraft
Livonia, MI  48150
(734) 261-2400
Attorneys for Defendants Livingston County, Robert Bezotte and Tom Cremonte

**CATALDO & MEEKS, PLLC**
**DONALD J. CATALDO (P55257)**
**KENNETH G. McINTYRE (P17449)**
519 East Grand River Avenue
Lansing, MI  48906
(517) 487-9656
Attorneys for Plaintiff Susan Terrell

**THOMAS A. MATHEWS (P28414)**
2000 Grand River Annex, Suite 200
Brighton, MI  48114
(810) 117-7878
Attorney for Defendant Randy Boos

---

**<u>PLAINTIFF SUSAN TERRELL'S RESPONSE TO THE
DEFENDANTS' APRIL 7, 2011 MOTION FOR A
PROTECTIVE ORDER</u>**

## PLAINTIFF SUSAN TERRELL'S RESPONSE TO THE DEFENDANTS' APRIL 7, 2011 MOTION FOR A PROTECTIVE ORDER

**NOW COMES** Susan Terrell, Plaintiff herein, by Donald J. Cataldo, her attorney, and as her Response to Defendants' April 7, 2011 Motion For a Protective Order, states as follows:

### Statement of Facts

This case involves a series of claims of constitutional violations brought pursuant to 42 U.S.C. 1981 and 42 U.S.C. 1983. Ms. Terrell, at the time of the events her claim is based upon occurred, was an inmate at the Livingston County Jail.

### Ms. Terrell's Complaint

Ms. Terrell's Complaint alleges that while she was situated in a cell at a Livingston County District Court, a deputy sheriff, Randy Boos, sexually harassed her, improperly touched her, sexually assaulted her, humiliated her, mortified her and embarrassed her, all while acting under color of law, pursuant to his employment with the Defendant Livingston County, and pursuant to his being under the supervision and control of his superior officers, Sheriff Bezotte and Jail Administrator Cremonte.

Ms. Terrell's Complaint specifically alleges that Defendants Bezotte and Cremonte, both individually and in their capacities as supervisory employees of the Defendant Livingston County,

> "...knew that female inmates of Livingston County Jail,
> because of their status as inmates;

**CATALDO & MEEKS, PLLC.**

ATTORNEY AT LAW

Donald J. Cataldo II
Douglas E. Meeks

519 East Grand River Avenue
Lansing, MI 48906
(517) 347-9656
(517) 347-9657 Fax

2

a)   Were subject to the orders, authority and physical control of larger, stronger uniformed male Deputies in locations when they were alone and trapped within cells with such male deputies on a continuing basis, and

b)   were extremely vulnerable to the sort of sexual harassment, sexual intimidation and sexual misconduct Deputy Boos perpetrated upon Plaintiff in April, 2008, and upon other female inmates before April 22, 2008." (¶ 20 of Plaintiff's Complaint)

Defendants Bezotte and Cremonte, in their May 5, 2010 Answer, denied each and every allegation contained in Plaintiff's Paragraph 20

"…for the reason same are untrue."

No one, other than Mr. Bezotte and Mr. Cremonte, can testify to <u>their</u> personal knowledge about whether those allegations are true or false.

Plaintiff's Complaint also alleged that she is informed and believes that <u>on and before</u> April 22, 2008, when she was mistreated by Deputy Boos, both Sheriff Bezotte and Mr. Cremote,

"…were aware, or should reasonably have been aware, that Deputy Boos had engaged in a pattern of inappropriate sexually oriented comments and inappropriate sexual misconduct directed toward both female employees of Livingston County and female inmates incarcerated at the Livingston County Jail and/or at detention cells at Courts within Livingston County."  (¶ 21 of Plaintiff's Complaint)

Defendants Bezotte and Cremonte, in their May 5, 2010 Answer, again denied each and every allegation contained in Plaintiff's Paragraph 21

"…for the reason that same are untrue."

**CATALDO & MEEKS, PLLC.**

ATTORNEY AT LAW

Donald J. Cataldo II
Douglas E. Meeks

519 East Grand River Avenue
Lansing, MI 48906
(517) 347-9656
(517) 347-9657 Fax

No one, other than Mr. Bezotte and Mr. Cremonte can testify to their personal knowledge of whether those allegations are true or false.

Plaintiff's Complaint also alleged that despite Defendant Bezotte's and Defendant Cremonte's knowledge of Mr. Boos' pattern of sexually oriented misconduct, prior to his attack upon Ms. Terrell, Mr. Bezotte and Mr. Cremonte repeatedly assigned Mr. Boos to supervise and control Ms. Terrell and other female inmates while transporting them to and securing them in detention cells.  (¶ 22 of Plaintiff's Complaint.

Again, Mr. Bezotte and Mr. Cremonte, in their May 5, 2010 Answer, denied each of the allegations contained in ¶ 22

"…for the reason that same are untrue."

Again, no one but Mr. Bezotte and Mr. Cremonte can testify to the truth or falsity of this claim, as it is worded.

Plaintiff also alleged that she is informed and believes that, despite being made aware of complaints of sexual misconduct having been made against Deputy Boos, Mr. Bezotte and Mr. Cremonte negligently failed and/or purposefully declined to take any steps to stop Mr. Boos from continuing his pattern of improper sexual misconduct towards female inmates on and before April 22, 2008, when Ms. Terrell was attacked.  (¶ 23 of Plaintiff's Complaint)

Mr. Bezotte and Mr. Cremonte, in their May 5 2010 Answer, denied all of the allegations made in ¶ 23 of Plaintiff's Complaint

"…for the reason that same are untrue."

**CATALDO &
MEEKS, PLLC.**

ATTORNEY AT LAW

Donald J. Cataldo II
Douglas E. Meeks

519 East Grand River Avenue
Lansing, MI 48906
(517) 347-9656
(517) 347-9657 Fax

4

Again, the only persons who can testify to the truth or falsity of the allegations made in ¶ 23 are Sheriff Bezotte and Mr. Cremonte.  What they knew and what they did or did not do because of that knowledge can only come from them.

## Defendant's Motion for Summary Judgment

On November 12, 2010 the Defendants, other than Deputy Boos, filed a Motion for Summary Judgment pursuant to Fed R Civ P 56.  In that motion the Defendants contended that Mr. Bezotte and Mr. Creomte, as agents of the county, must be shown to have exhibited a "deliberate indifference" to the rights of persons with whom its subordinate officers come into contact, and that such indifference was "closely related" to the Plaintiff's injury (p. 5 of Defendant's Motion).  Defendants claimed that the

> "Plaintiffs have failed to present evidence that Defendant County was aware of prior constitutional violations of its employees and failed to take action."  (p. 6)

Defendants Bezotte and Cremonte contended, in their motion, that neither of them "knowingly acquiesed" in Mr. Boos' misconduct. (p. 12)

As of November 12, 2010, Ms. Terrell had not yet filed any discovery requests or noticed on any depositions.  Her attorneys were defending a declaratory action in state court which was filed by a company that afforded coverage to Deputy Boos.  None of the parties to this action had, as of November 12, 2010, taken the deposition of anyone, other than Mr. Boos, who was deposed on October 15, 2010.

Plaintiffs have asked the court to withhold consideration of the Defendants' November 12, 2010 Motion For Summary Judgment until discovery has been completed.

CATALDO &
MEEKS, PLLC.

ATTORNEY AT LAW
Donald J. Cataldo II
Douglas E. Meeks

519 East Grand River Avenue
Lansing, MI 48906
(517) 347-9656
(517) 347-9657 Fax

5

### Efforts to Depose the Defendants and
### Employees of the Defendants

On January 18 and January 19, 2011 counsel to the Plaintiffs in both cases noticed the depositions of eleven persons, including Sheriff Bezotte, Mr. Cremonte and Undersheriff Murphy.  Mr. Bezotte and Mr. Cremonte were to be deposed on March 15, 2011.  Mr. Murphy was to be deposed on March 16, 2011.  Eight other Livingston County police officers were to be deposed on March 14, 2011 through March 17, 2011.

Defense counsel did <u>not,</u> at that time, object to the Plaintiffs deposing Sheriff Bezotte on March 15, 2011, to Plaintiffs deposing Mr. Cremonte on March 15, 2011, or to Plaintiffs deposing Mr. Murphy on March 14, 2011.

However, in mid-March 2011, shortly before Mr. Bezotte, Mr. Murphy and Mr. Cremonte were to be deposed, defense counsel cancelled their depositions. Those cancellations were <u>not</u> based upon a contention, oral or in writing, that these three persons were "high-ranking government officials" who were too busy to sit for depositions, whose testimony could be obtained by deposing others, or by filing interrogatories or request for documents, etc.  They were simply cancelled.

When Plaintiff's counsel sought to reschedule those depositions in late April, dates were again agreed upon.  However, shortly thereafter defense counsel said that he could not appear upon those dates, and, therefore the depositions had to be cancelled.  Again, defense counsel made no claim that his clients and Mr. Murphy were "high-ranking" officials—too busy to sit for depositions when the late April depositions were cancelled.

**CATALDO &
MEEKS, PLLC.**

ATTORNEY AT LAW
Donald J. Cataldo II
Douglas E. Meeks

519 East Grand River Avenue
Lansing, MI 48906
(517) 347-9656
(517) 347-9657 Fax

When defense counsel refused Plaintiff's request to ask the court to extend discovery beyond May 4, 2011, Plaintiff's counsel, on April 6, 2011, filed a motion asking the court to extend discovery, so that the depositions scheduled for March and late April could be taken before the Motion for Summary Judgment was addressed.

That motion prompted the instant April 7, 2011 Motion For a Protective Order, which is the first time defense counsel has made any contention that Mr. Bezotte, Mr. Cremonte and Mr. Murphy are high government officials who are too busy to sit for depositions. Defense counsel did not confer or attempt to confer with Ms. Terrell's counsel before filing the instant motion, as alleged on page 2 of their motion. Had they done so, of course, Plaintiff's counsel would have rejected their request.

### **Other Discovery Sought by Ms. Terrell**

On January 16, 2011 Ms. Terrell filed a request for documents maintained at the Livingston County Sheriff's Department under the Freedom of Information Act. (Exhibit #1)  Defense counsel declined to provide any of those documents. (Exhibit #2)

On March 7, 2011 Ms. Terrell filed her First Set of Interrogatories and Request for Documents. (Exhibit #3)   No response to or objection to those questions and requests has as yet been received.

Defendant's assertion that

> "Additionally, Plaintiffs have already obtained much of the information they are seeking through discovery" (p 4 of their Brief)

**CATALDO &**
**MEEKS, PLLC.**

ATTORNEY AT LAW

Donald J. Cataldo II
Douglas E. Meeks

519 East Grand River Avenue
Lansing, MI 48906
(517) 347-9656
(517) 347-9657 Fax

7

is simply not true.  What the Defendant has provided, thus far, is a copy of the investigations into the complaints of the Plaintiffs, including their interview of Mr. Boos, and some jail records pertaining to the Plaintiffs.

## Argument

The instant motion appears to be a belated, generic afterthought designed to continue to stonewall the Plaintiffs' efforts to conduct the discovery they are clearly entitled to pursue in support of their specific factual claims made against the named defendants herein.[1]

As indicated above, this is a case where each of the persons named as defendants is alleged to have personally acted or failed to act in such a way as to deliberately or purposefully caused the wrongs attributed to them.  More simply put, they are accused of knowing things which required them to act prior to the wrongs inflicted upon the Plaintiff, in order to prevent those wrongs, but again knowingly failed to do so.

We are not dealing here with a distant boss who was named as a defendant simply because he is the highest ranking official of a department or governmental agency.  This is not a case where the claim is that an illegal search was conducted by lower level employees of a police jurisdiction, or that an inmate died because of an alleged failure of a jailer to care for the inmate.

The cases cited by the Defendants in support of their motion make it clear that it is their burden to factually establish that there is good cause for the entry of an

CATALDO &
MEEKS, PLLC.

ATTORNEY AT LAW

Donald J. Cataldo II
Douglas E. Meeks

519 East Grand River Avenue
Lansing, MI 48906
(517) 347-9656
(517) 347-9657 Fax

---

[1] Although the motion is styled as Mr. Bezotte's and Mr. Cremonte's Motion for Protective Order, the Conclusion and Relief sought seeks to block the depositions of Mr. Bezotte and Undersheriff Murpy.  No explanation of that apparent inconsistency is offered.

8

order to prevent a party from taking the deposition of a person who clearly possesses relevant information which is both admissible at trial or appears to be reasonably calculated to lead to the discovery of admissible evidence.  Persons seeking to avoid sitting for depositions under Rule 26(b) must establish a specific need for protection from "annoyance", "embarrassment," "oppression", or "undue burden or expense." Conclusionary or speculative statements do not satisfy this requirement.

A person seeking to avoid being deposed because he/she is a "high ranking officials" must establish that the information being sought from him/her cannot be obtained elsewhere.  Although it is not Plaintiff's burden herein to prove that the information sought from Mr. Bezotte and Mr. Cremonte cannot be obtained from others, the plain truth here is that it cannot be obtained from others.   Plaintiff has alleged that these defendants were aware of or should have been aware of specific facts, yet failed to act upon that knowledge.  Therefore, they are the best and really the only source of this crucial evidence.

The cases cited by the defendants also require them, as the moving parties, to demonstrate with specific evidence the harm they would suffer if their depositions are taken.  All that Sheriff Bezotte has offered in support of his claim of harm, should his deposition be taken, is that he has unnamed "duties and responsibilities that are demanding and that yield substantial time restraints."  That boiler plate and conclusionary assertion about the specific harm he will suffer if he is deposed does not satisfy the requirements of Rule 26(b).

**CATALDO &
MEEKS, PLLC.**

ATTORNEY AT LAW

Donald J. Cataldo II
Douglas E. Meeks

519 East Grand River Avenue
Lansing, MI 48906
(517) 347-9656
(517) 347-9657 Fax

9

## Conclusion

Defendants have not and cannot deny that the allegations made in the Plaintiff's complaint are directed at them personally, i.e. what they knew, what they did and/or did not do with or because of that knowledge, etc. Only they can testify to those matters, and defense counsel cannot seriously contend that this information is irrelevant, that it could be provided by someone else, that it is not within their personal knowledge, or that a specific harm will occur if their deposition is taken.

Neither Sheriff Bezotte nor Undersheriff Murphy have offered any factual support for their conclusion that

> "Any information that I possess with regard to the above-captioned matter has already been obtained through other discovery mechanisms, or can be obtained through lower-level officials." (#4 of their Affidavits)

In fact, no information about the defendants' knowledge of Mr. Boos' actions, their training and rules pertaining to those actions, or what they did with their knowledge of those actions has been provided. The ultimate factual issues the jury will be called upon to decide turns upon those issues, and, therefore, they are crucial/highly relevant matters for discovery which the defendants should not be permitted to avoid with a bare, belated assertion that they are simply too busy to be bothered with sitting for their depositions.

## Relief Requested

The factual allegations contained in the Plaintiff's complaint, the defendants' denials of those allegations, the assertions made by the defendants in their Motion For Summary Judgment, together with the history of Plaintiff's discovery efforts and

**CATALDO &
MEEKS, PLLC.**

ATTORNEY AT LAW
Donald J. Cataldo II
Douglas E. Meeks

519 East Grand River Avenue
Lansing, MI 48906
(517) 347-9656
(517) 347-9657 Fax

the defendants' response to them all overwhelmingly yield a conclusion that the defendants are the sole source of crucial information which the Plaintiff is entitled to discover.   There has been no showing that this information can be obtained elsewhere, or that any specific harm, prejudice or burden would be suffered or endured by the defendants by sitting for a pre-trial discovery deposition.

**WHEREFORE,** Plaintiff respectfully requests that defendants' April 7, 2011 Motion For Protective Order be denied, and that the parties be ordered to establish dates, times and places for those depositions.

Respectfully submitted,

Dated:  April 14, 2011

/s/ Donald J. Cataldo
Donald J. Cataldo  (P55257)
CATALDO & MEEKS, PLLC
Attorneys for Plaintiff Susan Terrell
519 East Grand River Avenue
Lansing, MI  48912
517/487-9656

CATALDO &
MEEKS, PLLC.

ATTORNEY AT LAW

Donald J. Cataldo II
Douglas E. Meeks

519 East Grand River Avenue
Lansing, MI 48906
(517) 347-9656
(517) 347-9657 Fax

11



**CATALDO & MEEKS, PLLC**
519 East Grand River Road
Lansing, Michigan 48906
Office (517) 487-9656
Fax (517) 487-9657

January 18, 2011

**FOIA Coordinator**
**Livingston County Sheriffs Department**
**150 S. Highlander Way**
**Howell, MI 48843**

To Whom It May Concern:

RE:   **STATE OF MI V RANDY BOOS**
      **Case No. 08-017452-FH; and 09-11095**

Please be advised that this is a request for information pursuant to the Freedom of Information Act, MCLA 15.231, et seq. Please provide the following information:

1) A copy of Deputy Randy Boos' entire personnel file covering his employment as a deputy with Livingston County

2) A copy of all rules and regulations, training manuals and/or other documents describing what constitutes proper and/or improper conduct by Deputies in discharging their duties of employment with Livingston County uring the time Deputy Randy Boos' was employed by Livingston County.

3) A copy of all records created by Livingston County and/or possessed by Livingston County which involve or describe investigations into complaints made by female employees and inmates against any Livingston County Deputy prior to April 22, 2008.

4) A copy of any and all records which describe complaints made by any Livingston County Deputy or employee about the lack of or shortage of adequate staff to transport female prisoners from the jail to the courts.

As you know, under the aforementioned law, if you deem any portion of the information covered by this request privileged, exempted, or otherwise not information that you must provide under this request, then you must redact that portion of the information and provide all other information requested by this letter.

Please respond to this request within five business days of the date of this letter. If you have any questions, please feel free to call our office.

Sincerely yours,
CATALDO & MEEKS, PLLC

*Kacie Stiles*
Paralegal

1/18/11

FOIA Coordinator
January 19, 2011
Page 2

DEM:kms

cc: file





CUMMINGS · McCLOREY

# CMDA

DAVIS & ACHO, P.L.C.

ATTORNEYS AND COUNSELORS AT LAW
33900 SCHOOLCRAFT ROAD ▪ LIVONIA, MICHIGAN 48150 ▪ PHONE: (734) 261-2400 ▪ FACSIMILE: (734) 261-4510

T. Joseph Seward
tjseward@cmda-law.com

January 26, 2011

Ms. Kacie Stiles
Cataldo & Meeks, PLLC
519 E. Grand River Ave.
Lansing, MI 48906

     Re:   **Essex, et al. v Livingston County et al.**
            **U.S. District Court Case No. 09-11095**
            **Hon. Arthur J. Tarnow**
            **CMDA File No. 39562**

Dear Ms. Stiles:

     My client, Livingston County, has forwarded to me your FOIA request directed to them. As you know, Livingston County Sheriff's Department is represented by myself and my Firm and therefore any communications with a party being represented by an attorney must be through the attorney.

     In addition, your request is inappropriate under the Act. MCL 15.243(b) provides: "records or information relating to a civil action in which the requesting party and the public bodies are parties." Clearly the information you requested falls within that exception. Therefore your request is denied. Moreover, the Act provides for further bases to reasons to deny the claim.

     Under MCL 15.243(1)(a), some or all of the information is a personal nature and would constitute an unwarranted invasion of the individual's privacy. Likewise the information is inappropriate pursuant to Subsection (b)(1)(iii)(v). The information is subject to denial pursuant to Subsection (g). In addition, Subsection (l) would constitute a reason to deny this request. In addition, Subsection (n) would be a basis to deny some or all of the requests. In addition, Subsection (s)(iii), (iv), (v), (vi), (viii), (ix), as well as (x) would be bases to deny the request. Likewise, under Subsection (w), some of the information would be subject to non-disclosure.

1/26/11

Ms. Kacie Stiles
Cataldo & Meeks, PLLC
Page 2


     Therefore the request is denied.  I would request that any further contact with my client, the Livingston County Sheriff's Department, be through myself and my Firm, not directly with the client.

          Very truly yours,

          CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C.


          T. Joseph Seward

TJS/cl


cc:   Thomas Cremonte
      Jennifer Palmbos

P:\cel\essex.stiles.ltr.wpd



## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

SUSAN TERRELL,

        Plaintiff,

        vs.

Case No.: 2:10-cv-11177-ADT-MKM
Hon.: ARTHUR J. TARNOW

LIVINGSTON COUNTY, a
municipal corporation, ROBERT
BEZOTTE in his individual capacity
as the Livingston County Sheriff, TOM
CREMONTE in his individual capacity as
the Livingston County Jail Administrator, and
RANDY BOOS in his individual capacity as Deputy
Sheriff, Jointly and Severally with one another

        Defendants.

---

CATALDO & MEEKS, PLLC
DONALD J. CATALDO, (P-55257)
Attorneys for Plaintiff
519 E. Grand River Avenue
Lansing, Michigan 48906
(517) 487-9656
kacie.stiles@cataldomeeks.com

Thomas A. Matthews, (P-28414)
Attorney for Defendant
Randy Boos, ONLY
2000 Grand River Annex, Suite 200
Brighton, Michigan 48114
(810) 227-7878
tmattlaw@aol.com

T. Joseph Seward, (P-35095)
Attorney for Defendants Livingston County,
Robert Bezotte and Tom Cremonte, Only
33900 Schoolcraft
Livonia, Michigan 48150
(734) 261-2400
tjseward@cmda-law.com

---

## PLAINTIFF SUSAN TERRELL'S, FIRST SET OF INTERROGATORIES
## AND REQUEST FOR PRODUCTION OF DOCUMENTS

1

3/7/11

**COMES NOW** SUSAN TERRELL, Plaintiff herein, by DONALD J. CATALDO, her attorney, and pursuant to rules 33 and 34 of the Federal Rules of Civil Procedure, Ms. Terrell  the the following as her First Set of Interrogatories and Request For the Production of Documents.

1. Plaintiff respectfully asks that the enclosed Interrogatories and Requests for Documents be provided to Plaintiffs counsel by each defendant within 30 days after they are served upon counsel for each Defendant (Rule 33(b)(2)).

2. That each interrogatory be answered separately and fully, in writing and under oath (Rule 33(b)(3))

3. That the grounds for objecting to an interrogatory be stated in writing and with specificity (Rule #33(b) (4)).

4. That the person or persons who answer each interrogatory be indentified, by his/her signature.

Plaintiff also respectfully asks, as regards the documents sought, that if defense counsel believes the documents sought are too voluminous to copy, or consist of business records which Plaintiff's counsel can review as readily as Defense counsel, that Defense counsel indentify the location of, offer a specific description of said records, and permit Plaintiff's counsel with a reasonable opportunity to examine and copy such records.

## LIVINGSTON COUNTY

### Interrogatory #1

Please identify by name, title and business address the persons who were employed by Livingston County to staff and operate the Livingston County Jail during the period of time from

2

2005 through June 1, 2008.


**Answer**:


**Interrogatory #2**

Please indentify by name, title and business address the person or persons who were employed by Livingston County to create, amend, record and/or enforce all written rules, policies and/or regulations pursuant to which Livingston County employees, including jail employees, were to operate all phases of the Livingston County Jails services to the county's citizens, employees and inmates- again for the time period 2005 through June 1, 2008.

Answer:

**Request for Records #1**

Please either produce or make available for inspection copies of all written rules, policies and/or regulations pursuant to which Livingston County Employees, including jail employees, were to operate all phases of the Livingston County Jail's services to the county's citizens, employees and inmates for the time period 2005 through June 1, 2008.

Please indentify, by title or by the topic covered, the series of rules, policies or regulation to assist counsel in indentifying the subject matter of each major group.

**Interrogatory #4**

Did the Livingston County Board of Communications play any role or part in creating, amending or in approving any of the written rules, policies, or regulations pursuant to which Livingston County employees, including jail employees, were to operate all phases of the

3

Livingston County Jail's services to the county's citizens, employees and inmates for the time period 2005 through June 1, 2008?

**Request for Documents #2**

Please provide copies of, or access to the minutes or written reports created by tor for the Livingston County Board of Supervisors for the time period 2005 through June 1, 2008.

## SHERIFF BEZOTTE AND JAIL ADMINISTOR CREMONTE

**Interrogatory #5**

Please describe your educational background including all post high school degrees, training programs completed by date, and your work experience in law enforcement.

**Answer**:

**Interrogatory #6**

Please describe in detail the specifics of Livingston County's investigation into Deputy Boos' background, personal history, emotional stability and potential for improper sexual behavior at the time he was hired by Livingston County.

**Answer**:

**Interrogatory #7**

Please describe in detail the processes and/or practices in place at the Livingston County Jail, from 2005 through June 1, 2008, by which complaint's against male of the jail were to be submitted by female employees of the jail, female employees of the court system, or

4

female inmates of the jail concerning:

    a) Rude or insulting behavior;

    b) Improper gifts being offered to female employees or inmates;

    c) Lewd or sexually improper statements or improper observations of female employees or inmates during times when said employees or inmates were engaged in personal behaviors.

    d) Improper requests or offers for dates or other social relationships;

    e) Improper sexual touching or request for the same;

    f) Improper sexual relations, or attempts to that end.

**Answer**:


**Interrogatory #8**

Other than the five Plaintiffs in this case, have any female employees or county jail inmates ever made a complaint that a male Livingston County employee improperly touched or sexually molested them, at any time since you have been employed by Livingston County? If the answer is yes, please provide the names and last known address of each such complaint, and the names of the employee against whom the complaint was made, and the date the complaint was made.

**Answer**:


**Interrogatory #9**

In Lt. Domines April 26, 2008 Disciplinary Investigation Report to Undersheriff Murphy,

5

Lt. Domines stated that he received oral sex from an inmate sometime in late 2007.  Was this complained of in 2007 or at any time?  If so, please provide the details of that complaint, including who made it, when it was made, to whom it was made, and what action, if any, was taken as a result.

**Answer:**


**Request for Documents #3**

Please provide copies of or access to the records which will disclose the names, ages and last known addresses of all female inmates who were incarcerated in the Livingston County Jail from September 1, 2007 through June 1, 2008.

**Request for Documents #4**

Please provide copies of or access to all training manuals, operational policies, and other written memoranda which describe the rules, requirements and training of Deputy Sherriff's who are charged with housing, transporting and securing female inmates at the County Jail, and to and from the courts of Livingston County-for the time period Deputy Boos was employed Livingston County.

This request is intended to include the entirety of The Rules and Regulations referred to in  Lt. Domines April 26, 2008 report to Undersheriff Murphy.

**Interrogatory #10**

Did Livingston County impose any rules or directives upon its Deputies which prohibited them from;

        a)  Viewing female employees who were using the cells toilet or shower

6

facilities;

b) Entering female inmates cells for any reason other than to assist them with physical or emotional problems.

c) Offering female inmates any sort of gifts;

d) Seeking to arrange social meetings, dates or any sort of social contact with inmates after their release, and

e) Discussing the inmates personal lives with them, or their own personal lives with the inmates

If so, please include a complete list of such rules or directives, or access to them.

**Answer:**


**Interrogatory #11**

Were either of you, prior to February of 2008, familiar with incident wherein a police officer, serving as a jailer, or as a person who transported and secured female prisoners being taken to or from courts, was accused of, admitted to, or as convicted of sexually assaulting a female inmate under their control?

If so, please describe the details of such an event or events, as reported to you.

**Answer:**


**Interrogatory #12**

When first were either of you made aware that deputy Boos was offering "candy kisses" to female employees and/or female inmates? What if any conversation did either of you have

7

with him about that practice?

**Answer:**


**Interrogatory #13**

Please indentify by name and job title the deputy of employee who listened to Ms. Terrell's telephone conversations from the jail after the events of April of 2008 and please provide either a copy of the recordings of and/or transcript made of/from those recordings.

**Answer:**


**Interrogatories #14**

Please identify the custodian of all recording or transcripts of telephone conversations made by or to female inmates to or from persons outside the jail-for the period of November 1, 2007 to June 1, 2008, and please either produce those records or make them available for Plaintiff's counsel to review and copy, if necessary.

**Answer:**



Dated:_____          _____
                                         THOM CREMONTE, DEFENDANT


Dated:_____          _____
                                         ROBERT BOZOTTE, DEFENDANT


Dated:_____          _____
                                         FOR LIVINGSTON COUNTY, DEFENDANT

8

Sworn and subscribed to before me on this _____ day of _____, 2011.


_____
                        , Notary Public



Respectfully submitted:

_____                    Dated: March 7, 2011
DONALD J. CATALDO, (P55257)
Attorney for Plaintiff, SUSAN TERRELL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CUREN ESSEX, ALICIA BULKO,                    CASE NO. 09-11095
SUSAN COOK, ELIZABETH ZUBOR,
And SUSAN TERRELL,
                    Plaintiff,                HON. ARTHUR J. TARNOW


          V

LIVINGSTON COUNTY, a municipal corporation,
ROBERT BEZOTT in his individual capacity as
the Livingston County Sheriff, TOM CREMONTE
in his individual capacity as the Livingston County
Jail Administor, and RANDY BOOS, in his
individual capacity, Jointly and Severally,
                    Defendants.


GEOFFRY N. FIEGER (P30441)              CUMMINGS, McCLOREY, DAVIS
JAMES J. HARRINGTON, IV (P65351)        & ACHO, P.L.C.
19390 West Ten Mile Road                By: T. JOSEPH SEWARD (P35095)
Southfield, Michigan  48075             33900 Schoolcraft
(248) 355-5555                          Livonia, Michigan  48150
Attorneys for Plaintiffs                (734) 261-2400
Essex, Bulko, Cook and Zubor            Attorneys for Defendants Livingston County
                                        Robert Bezotte and Tom Cremonte

CATALDO & MEEKS, PLLC                   THOMAS A. MATHEWS (P28414)
DONALD J. CATALDO (P55257)              2000 Grand River Annex, Suite 200
KENNETH G. MCINTYRE (P17449)            Brighton, Michigan 48114
519 E. Grand River Ave.                 (810) 227-7878
Lansing, Michigan  48906                Attorney for Defendant Randy Boos
Attorneys for Plaintiff Susan Terrell


## PROOF OF SERVICE

   **NOW COMES** Kacie Stiles and declares that on March 7, 2011, she sent copies of the Plaintiff Susan Terrell's First Set of Interrogatories to and Request for Production of Documents for the above referenced case, by U.S. First Class Mail, postage fully prepaid, to the following recipients:

T. Joseph Seward
33900 School Craft
Livonia, MI 48150



                                        Respectfully Submitted,


March 7, 2011                           _____

                                        Kacie Stiles