UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CUREN ESSEX, ALICIA BULKO,
SUSAN COOK, ELIZABETH
ZUBOR, and SUSAN TERRELL,

    Plaintiffs

-vs-

LIVINGSTON COUNTY, a municipal
corporation, ROBERT BEZOTTE in
his individual capacity as the Livingston
County Sheriff, TOM CREMONTE in
his individual capacity as the Livingston
County Jail Administrator, and RANDY
BOOS, in his individual capacity,
jointly and severally,

    Defendants.

Case No. 2:09-cv-11095

Hon. Arthur J. Tarnow

---

Fieger, Fieger, Kenny, Johnson & Giroux, P.C.
By:    GEOFFREY FIEGER (P30441)
          JAMES HARRINGTON, IV (P65351)
19390 West Ten Mile Road
Southfield, Michigan 48075
(248) 355-5555
j.harrington@fiegerlaw.com
*Attorneys for Plaintiffs Essex, Bulko,
Cook, and Zubor*

Neal D. Nielson & Associates
By:    THOMAS MATTHEWS (P28414)
2000 Grand River Annex, Suite 200
Brighton, Michigan 48114
(810) 227-7878
tmattlaw@aol.com
*Attorneys for Defendant Boos, only*

Cummings, McClorey, Davis, & Acho, P.L.C.
By:    T. JOSEPH SEWARD (P35095)
33900 Schoolcraft Road
Livonia, Michigan 48150
(734) 261-2400
tjseward@cmda-law.com
*Attorneys for Defendants Livingston County,
Robert Bezotte, and Tom Cremonte, only*

Cataldo & Meeks, P.L.L.C.
By:    DONALD J. CATALDO (P55257)
519 East Grand River Avenue
Lansing, Michigan 48906
(517) 487-9656
kacie.stiles@cataldomeeks.com
*Attorneys for Plaintiff Susan Terrell, only*

---

## DEFENDANTS LIVINGSTON COUNTY, TOM CREMONTE, AND ROBERT BEZOTTE'S REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER

## COUNTER-ARGUMENT AND LAW

I. **PLAINTIFF TERRELL HAS NOT MET HER BURDEN OF DEMONSTRATING COMPELLING REASONS FOR TAKING THE DEPOSITIONS OF HIGH-RANKING OFFICIALS SHERIFF BEZOTTE AND UNDERSHERIFF MURPHY.**

In Plaintiff Terrell's Response, where she essentially re-alleges her entire Complaint, Plaintiff Terrell continually states that no one, other than Sheriff Bezotte and Lieutenant Cremonte, can testify as to their personal knowledge about whether Plaintiff's allegations are true or false. At the outset, Defendants point out that their Motion seeks to protect high-ranking officials Sheriff Bezotte and *Undersheriff Murphy*, not Lieutenant Cremonte.

   A. **Contrary to her Assertion, Plaintiff Terrell Does Bear the Burden of Demonstrating the Necessity of Taking the Depositions of High-Ranking Officials Sheriff Bezotte and Undersheriff Murphy.**

Plaintiff Terrell maintains that "it is not Plaintiff's burden herein to prove that the information sought from Mr. Bezotte and Mr. Cremonte cannot be obtained from others." (Plaintiff's Response, p. 9). As just stated, Defendants' Motion is not in regards to Lieutenant Cremonte. Furthermore, Plaintiff's contention is misplaced, as the authority cited in Defendants' Motion establishes that Plaintiff does, in fact, bear this burden:

> Because a high-ranking official has both substantial demands on his time and a duty to serve the public, such an official should be subject to deposition only after: (1) **a litigant seeking his deposition has exhausted other sources** that might yield the information sought, and (2) **a showing by the litigant** that the official is likely to possess that information. Without such a rule, high-ranking officials would be constantly subject to the demands of pending litigation, inhibiting their ability to execute their official duties.

*Jameson v. Oakland County*, No. 10-10366, 2011 U.S. Dist. LEXIS 6312, at *3-4 (E.D. Mich. Jan. 24, 2011) (internal citation omitted) (emphasis added); *see also Murray v. United States Dep't of Treasury*, No. 08-cv-15147, 2010 U.S. Dist. LEXIS 48692, at * (E.D. Mich.

1

May 18, 2010); *Jackson v. City of Detroit*, No. 05-74236, 2007 U.S. Dist. LEXIS 55730, at *3 (E.D. Mich. Aug. 1, 2007).

### B. The Authority Cited by Defendants does not Support the Heavy Burden Plaintiff Seeks to Impose on Sheriff Bezotte and Undersheriff Murphy.

Plaintiff Terrell contends that the cases cited by Defendants require them to "demonstrate with specific evidence the harm they would suffer if their depositions are taken." (Plaintiff's Response, p. 9). Plaintiff Terrell is referring to this Court's decision in *Jameson, supra*, but mischaracterizes the requirement imposed by this Court. In granting the defendant's motion for protective order in *Jameson*, this Court stated that the sheriff "must file an affidavit in support of his attorney's contention that his deposition is not necessary, setting forth the reasons for such an assertion." *Jameson, supra* at *5. That is precisely what both Sheriff Bezotte and Undersheriff Murphy have done. Plaintiff Terrell's position that Sheriff Bezotte and Undersheriff Murphy must specifically name each and every duty and responsibility which yields substantial time constraints (Plaintiff's Response, p. 9) is not supported by *Jameson* or any other authority. Courts, in general, "recognize the responsibilities and time constraints incumbent on high ranking officials. . . ." *Murray, supra* at *7.

### C. The Information Sought by Plaintiff Terrell can be Obtained, or has Already been Obtained, through Other Sources, and the Mere Fact that Sheriff Bezotte and Undersheriff Murphy have Knowledge is an Insufficient Basis for which to Compel their Depositions.

As both Sheriff Bezotte and Undersheriff Murphy averred to in their affidavits, they do not have any personal knowledge beyond what has <u>already been provided to Plaintiffs through discovery</u>. The deposition testimony of all of the Plaintiffs revealed that Plaintiff Cook was the only individual to report the incidents, and they were first reported to

2

Chaplain Jim Proos. (Terrell Deposition, pp. 97-98; Cook Deposition, p. 16; Bulko Deposition, p. 106; Essex Deposition, p. 121; Zubor Deposition, p. 65). After Cook's reporting of the incidents, the other Plaintiffs came forward and provided written statements, which Plaintiffs obviously have personal knowledge of and which, in any event, were provided to Plaintiffs in Defendants' Rule 26 Disclosure Documents. Upon Chaplain Proos's notification to the proper authorities, Deputy Antal interviewed Plaintiff Cook on April 25, 2008. The documentation of that conversation was sent to Lieutenant Cremonte and has been provided to Plaintiffs, and Deputy Antal was deposed regarding the same. On that same date, Lieutenant Cremonte notified the appropriate jail personnel regarding the information Deputy Antal learned from Plaintiff Cook, and immediately initiated an internal investigation. That notification has been provided to Plaintiffs. The following day, Lieutenant Cremonte notified Defendant Boos that he was being suspended pending the investigation. That letter was provided to Plaintiffs. The internal investigation was conducted by Lieutenant James Lynch, who reported the results to Undersheriff Murphy. The internal investigation report has been provided to Plaintiffs. Additionally, the report of the investigation conducted by Sergeant Workman of the Michigan State Police has been provided to Plaintiffs, and Sergeant Workman has also been deposed regarding the same.

As the foregoing illustrates, all of the relevant documentation has been provided to Plaintiffs. Discovery has revealed that Sheriff Bezotte and Undersheriff Murphy were reported to by other jail officials. To that end, the information sought by Plaintiff Terrell can be obtained through lower-ranking officials or has already been obtained through Defendants' production of documents and Rule 26 Disclosures.

Even assuming, *arguendo*, that Sheriff Bezotte and Undersheriff Murphy had

3

personal knowledge, such is an insufficient basis for which to compel their depositions. In *Boudreau v. Bouchard*, the defendants sought a protective order for defendant Bouchard on the basis that he was a high-ranking official and that the information sought from him could be obtained through other sources. No. 07-10529, 2009 U.S. Dist. LEXIS 1347 (E.D. Mich. Jan. 8, 2009). In granting the motion for protective order, this Court stated, in part:

> Defendants concede that Bouchard has personal knowledge about this matter. It may even be said that Bouchard has superior knowledge. . . . However, the evidence is uncontroverted that other persons conducted the investigation and the results . . . were communicated to Bouchard. At this juncture, there is no showing that any information Bouchard may have about the initiation of the investigation and its results, is not available from other sources or through less burdensome means. *Id.* at *7-8.

Likewise, in *Jackson v. City of Detroit*, the plaintiff made a showing that the defendant had "some personal knowledge of the facts at issue in the instant case." No. 05-74236, 2007 U.S. Dist. LEXIS 55730, at *9 (E.D. Mich. Aug. 1, 2007). Even so, this Court held that it was "not persuaded that the information sought could not adequately be discovered through other means. . . ." *Id.*

## CONCLUSION

For the foregoing reasons, Defendants, LIVINGSTON COUNTY, SHERIFF ROBERT BEZOTTE, and LIEUTENANT TOM CREMONTE, respectfully request that this Honorable Court GRANT their Motion for Protective Order.

Respectfully submitted,

/s/ T. Joseph Seward
**Cummings, McClorey, Davis & Acho, P.L.C.**
33900 Schoolcraft
Livonia, MI 48150
Phone: (734) 261-2400
Primary E-mail: tjseward@cmda-law.com
P 35095

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2011, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: *James J. Harrington IV, Thomas A. Matthews*, and *Donald J. Cataldo II*

and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: N/A

/s/T. Joseph Seward
Cummings, McClorey, Davis & Acho, P.L.C.
33900 Schoolcraft
Livonia, MI 48150
Phone: (734) 261-2400