UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CUREN ESSEX,
ALICIA BULKO,
ELIZABETH ZUBOR,
SUSAN COOK and
SUSAN TERRELL,

            Plaintiffs,

CASE NO. 2:09-CV-11095
JUDGE ARTHUR J. TARNOW
MAGISTRATE JUDGE PAUL J. KOMIVES

v.

COUNTY OF LIVINGSTON,
ROBERT BEZOTTE,
TOM CREMONTE and
RANDY BOOS,

            Defendants,
_____/

## ORDER GRANTING IN PART PLAINTIFFS ESSEX, BULKO, COOK AND ZUBOR'S MOTION TO COMPEL (Doc. Ent. 92)

**A.    The Court Has Consolidated Plaintiffs' Lawsuits.**

Plaintiffs Curen Essex, Alicia Bulko, Susan Cook and Elizabeth Zubor filed this lawsuit on March 24, 2009 against Livingston County, Robert Bezotte, Tom Cremonte and Randy Boos based upon events which allegedly took place during February 2008 and April 2008. Doc. Ent. 1 ¶¶ 10-13, 14-63. On November 20, 2009, plaintiffs filed a first amended complaint. Doc. Ent. 19.

On March 24, 2010, Susan Terrell filed a lawsuit against Livingston County, Bezotte, Cremonte and Boos based upon events which allegedly took place on April 22, 2008. Doc. Ent. 1 ¶¶ 6-9, 13-28.

On August 12, 2010, Judge Tarnow entered an order consolidating cases 10-11177 (Doc Ent. 21) and 09-11095 (Doc. Ent. 36).

B.     **The Discovery and Dispositive Motion Deadlines Have Passed.**

On November 3, 2009, Judge Tarnow set the discovery deadline for March 5, 2010. On March 2, 2010, the discovery deadline was extended by stipulated order to June 3, 2010 (Doc. Ent. 30),[1] and on June 14, 2010 the discovery deadline was extended by stipulated order to September 3, 2010 (Doc. Ent. 32).

On August 27, 2010, Judge Tarnow conducted a scheduling conference. The discovery deadline was extended to May 4, 2011 and the dispositive motion deadline was extended to June 4, 2011.

C.     **The Court Has Granted Summary Judgment in Favor of Defendant Cremonte.**

On September 28, 2011, Judge Tarnow entered an order granting in part and denying in part defendants' (Livingston County, Bezotte and Cremonte) November 12, 2010 motion for summary judgment (Doc. Ent. 43). Doc. Ent. 128. Specifically, Judge Tarnow ruled that the motion was granted as to defendant Cremonte but denied as to all other defendants.

On October 4, 2011, defendants Livingston County and Bezotte filed an appeal. Doc. Ent. 130. As a result, the Court cancelled the final pretrial conference scheduled for October 21, 2011.

D.     **There Are Five (5) Pending Motions.**

---

[1] On June 3, 2010, defendants Livingston County, Bezotte and Cremonte filed a motion to compel discovery (Doc. Ent. 31). Judge Tarnow referred this motion to me (Doc. Ent. 33) and a hearing was noticed for September 29, 2010 (Doc. Ent. 40). However, on September 16, 2010, the motion was withdrawn (Doc. Ent. 42).

2

There are currently five (5) motions to compel pending before the Court (Doc. Entries 87, 92, 102, 106, 119). Pursuant to his July 7, 2011 order (Doc. Ent. 99), Judge Tarnow referred some of these motions to me for hearing and determination.

A hearing on these motions was noticed for September 13, 2011. Doc. Entries 118 and 122. On the date set for hearing, attorneys Jonathan Robert Marko and Kenneth G. McIntyre appeared on behalf of plaintiffs. Defendants were represented by attorneys Edward E. Salah and Dennis L. Brewer.

**E.     Plaintiffs Essex, Bulko, Cook and Zubor's June 21, 2011 motion (Doc. Ent. 92) regarding their February 4, 2010 Second Request for Production of Documents and October 20, 2010 Third Request for Production of Documents is granted in part.**

**a.**     On June 21, 2011, plaintiffs Essex, Bulko, Cook and Zubor filed a motion to compel responses to February 4, 2010 second request for production of documents to defendants Livingston County, Bezotte and Cremonte (Doc. Ent. 92-1) and October 20, 2010 third request for production of documents to all defendants (Doc. Ent. 92-2). Doc Ent. 92.[2]

In their July 19, 2011 response,[3] defendants (1) object to the discovery requests on the bases of overbreadth, burdensomeness and relevance and (2) object to the discovery requests on the bases that the requests "pertain to documents that are privileged, and contain personal and confidential information regarding third parties whose privacy rights would be violated by release of said documents." Doc. Ent. 100 at 4.

---

[2]Plaintiffs Essex, Bulko, Cook and Zubor have filed a concurrence and joinder to co-plaintiff Terrell's motion to compel (Doc. Ent. 92). Doc. Ent. 114.

[3]On July 6, 2011, Judge Tarnow entered a stipulated order extending the response deadline by fourteen (14) days. Doc. Ent. 98. He has referred this motion to me for hearing and determination. Doc. Ent. 99.

3

Defendants also offered that, "[w]ith[] regard to the remaining discovery requests which Defendants have not objected to, Defendants are in the process of preparing a response to those requests." Doc. Ent. 100 ¶ 5. On August 11, 2011, defendants filed a response to plaintiff's second request for production of documents. *See* Doc. Ent. 119 at 2.

**b.     Defendants object to the February 4, 2010 Request No. 2.** Doc. Ent. 100 at 8. This request sought "Administrative Orders, General Orders and Policies & Procedures of the Livingston County Sheriff's Department [LCSD] . . . concerning: a. Basic and advanced training of law enforcement officials; b. The Department / Division / Center / Unit where Defendant Boos was assigned in February, 2008 and April, 2008; c. The Livingston County Jail; and d. The Department/Division/Unit of the [LCSD] responsible for transporting inmates to/from the Jail and Court in February, 2008 and April, 2008[.]" Doc. Ent. 100-2 at 3-4.

Defendants request that the Court "deny Plaintiffs' Motion to Compel with regard to Defendants' policies and procedures to the extent they apply to policies and procedures beyond the issue of transporting of inmates." In so doing, defendants note they "have no objection to producing the policies and procedures regarding transporting of inmates, as well as all of the Sheriff's Department Rules and Regulations." Doc. Ent. 100 at 8.[4]

**b.     Defendants also object to the February 4, 2010 Request No. 9.** Doc. Ent. 100 at 8. This request sought "[a] copy of all documents and tangible things reflecting the names and dates of birth of all persons that were assigned to the same cell as Plaintiffs [Essex, Bulko, Cook and Zubor] at any time from their respective dates of incarceration through to their respective dates

---

[4]During the September 13, 2011 hearing, attorney Salah represented that transportation logs for Boos had been produced.

4

of release." Doc. Ent. 100-2 at 5.

Defendants argue that "[t]hese discovery requests should be denied for the reason that the identity and contact information for inmates at the Livingston County Jail, who are non-parties to this litigation, is not discoverable, and release of said documents would violate the privacy rights of these inmates. Disclosure of these documents is exempt under both Federal and State law." In support of this argument, defendants cite *Jackson v. Wynder*, 2007 U.S. Dist. LEXIS 40886 (Exhibit 2) (citing *Tarlton v. United States*, 430 F. 2d. 1351, 1352 (5th Cir. 1970)); *Ennis v. Teague*, 882 F.Supp. 1023 (1995) (also citing *Tarlton*, *supra*); Mich. Comp. Laws § 15.243(1)(c), and *Mackey v. Department of Corrections*, 205 Mich App 330; 517 NW. 2d. 303 (1994). Doc. Ent. 100 at 9.

**c.**     During the September 13, 2011 motion hearing, counsel informed the Court that the only item in dispute was Request No. 9. Attorney Marco explained that plaintiffs were seeking the names of other inmates in the cell(s), along with dates of birth and dates of incarceration. Counsel agreed that plaintiffs would abide by a protective order.

Plaintiffs submitted a proposed order on September 17, 2011. Defendants have also submitted a proposed order.

**D.     Order**

Upon consideration, plaintiffs' Essex, Bulko, Cook and Zubor's June 21, 2011 motion to compel (Doc. Ent. 92) is GRANTED IN PART.

As to plaintiffs' February 4, 2010 second request for production of documents (Doc. Ent. 92-1):

> Defendants Livingston County, Robert Bezotte and Tom Cremonte SHALL answer Request No. 9 to the extent defendants are able to do so.

Defendants SHALL produce Defendant Boos's employment file which shall include any complaints against Mr. Boos, including any and all discipline history, to the extent any such documents exist subject to the appropriate protective order, and after redaction of personal information.[5]

Defendants Livingston County, Robert Bezotte and Tom Cremonte SHALL supplement their answer to Request No. 10 to the extent that it is possible to produce a list of - or allow plaintiffs access to information regarding - visitors who came to see Plaintiffs at the jail.[6]

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of service of a copy of this order within which to file an appeal for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Dated: 12/2/11

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

---

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on December 2, 2011.

s/Eddrey Butts
Case Manager

---

[5] This appears to be related to Request No. 13, which sought "[a] copy of all complaints registered against defendant Boos received at any time on and after January, 2007." Doc. Ent. 92-1 at 5.

[6] Request No. 10 sought "[a] copy of the front and back of all Livingston County Jail 'Visitor Logs' for Plaintiffs Curren Essex, Alicia Bulko, Susan Cook and Elizabeth Zubor." Doc. Ent. 92-1 at 5.