UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CUREN ESSEX,
ALICIA BULKO,
ELIZABETH ZUBOR,
SUSAN COOK and
SUSAN TERRELL,

Plaintiffs,

CASE NO. 2:09-CV-11095
JUDGE ARTHUR J. TARNOW
MAGISTRATE JUDGE PAUL J. KOMIVES

v.

COUNTY OF LIVINGSTON,
ROBERT BEZOTTE,
TOM CREMONTE and
RANDY BOOS,

Defendants,
__________________________________/

**ORDER GRANTING IN PART AND DENYING IN PART (a) PLAINTIFF TERRELL'S MOTION TO COMPEL (Doc. Ent. 87); (b) PLAINTIFF TERRELL'S AMENDED MOTION TO COMPEL (Doc. Ent. 102); and (c) PLAINTIFF TERRELL'S SUPPLEMENT TO HER AMENDED MOTION TO COMPEL (Doc. Ent. 119)**

**A. The Court Has Consolidated Plaintiffs' Lawsuits.**

Plaintiffs Curen Essex, Alicia Bulko, Susan Cook and Elizabeth Zubor filed this lawsuit on March 24, 2009 against Livingston County, Robert Bezotte, Tom Cremonte and Randy Boos based upon events which allegedly took place during February 2008 and April 2008. Doc. Ent. 1 ¶¶ 10-13, 14-63.

On November 20, 2009, plaintiffs Essex, Bulko, Cook and Zubor filed a first amended complaint against defendants Livingston County, Bezotte, Cremonte and Boos. Doc. Ent. 19. Within the "factual statement" section of the complaint, plaintiffs allege that "all Defendants

knew or reasonably should have known about [defendant] BOOS' conduct." Doc. Ent. 19 ¶¶ 14-64, ¶ 19. Also, plaintiffs allege generally that defendants knew or should have known that "there was a strong likelihood of sexual misconduct and/ or great bodily harm and injury to Plaintiff[,]" and "Defendant BOOS had sexually assaulted and/ or made unwanted and unwarranted sexual advances towards other female inmates [and] would do it again if not stopped." Doc. Ent. 19 ¶¶ 65-79, ¶¶ 72-73. Their causes of action include (I) a 42 U.S.C. § 1983 claim against Boos (Doc. Ent. 19 ¶¶ 80-93); (II) a 42 U.S.C. § 1983 claim against Livingston County (Doc. Ent. 19 ¶¶ 94-123); (III) a 42 U.S.C. § 1983 claim against Sheriff Bezotte (Doc. Ent. 19 ¶¶ 124-150); and (IV) a 42 U.S.C. § 1983 claim against Jail Administrator Cremonte (Doc. Ent. 19 ¶¶ 151-176).

On March 24, 2010, Susan Terrell filed a lawsuit against Livingston County, Bezotte, Cremonte and Boos based upon events which allegedly took place on April 22, 2008. Doc. Ent. 1 ¶¶ 6-9, 13-28.

On August 12, 2010, Judge Tarnow entered an order consolidating cases 10-11177 (Doc Ent. 21) and 09-11095 (Doc. Ent. 36).

**B. The Discovery and Dispositive Motion Deadlines Have Passed.**

On November 3, 2009, Judge Tarnow set the discovery deadline for March 5, 2010. On March 2, 2010, the discovery deadline was extended by stipulated order to June 3, 2010 (Doc. Ent. 30),[1] and on June 14, 2010 the discovery deadline was extended by stipulated order to September 3, 2010 (Doc. Ent. 32).

---

[1]On June 3, 2010, defendants Livingston County, Bezotte and Cremonte filed a motion to compel discovery from plaintiffs (Doc. Ent. 31). Judge Tarnow referred this motion to me (Doc. Ent. 33) and a hearing was noticed for September 29, 2010 (Doc. Ent. 40). However, on September 16, 2010, the motion was withdrawn (Doc. Ent. 42).

On August 27, 2010, Judge Tarnow conducted a scheduling conference. The discovery deadline was extended to May 4, 2011 and the dispositive motion deadline was extended to June 4, 2011.[2]

**C. The Court Has Granted Summary Judgment in Favor of Defendant Cremonte.**

In their November 12, 2010 motion for summary judgment, defendants Livingston County, Bezotte and Cremonte argued:

> I. PLAINTIFFS HAVE FAILED TO ESTABLISH A §1983 CLAIM AGAINST DEFENDANT LIVINGSTON COUNTY BECAUSE PLAINTIFFS CANNOT SHOW THAT THE COUNTY'S POLICY OR CUSTOM CAUSED THE ALLEGED CONSTITUTIONAL VIOLATION.
>
> II. PLAINTIFFS HAVE FAILED TO ESTABLISH A §1983 CLAIM AGAINST SHERIFF BEZOTTE AND JAIL ADMINISTRATOR CREMONTE IN THEIR INDIVIDUAL CAPACITIES.
>
> III. DEFENDANTS SHERIFF BEZOTTE AND JAIL ADMINISTRATOR CREMONTE ARE ALTERNATIVELY ENTITLED TO QUALIFIED IMMUNITY BECAUSE THEY DID NOT VIOLATE PLAINTIFFS' CONSTITUTIONAL RIGHTS UNDER 42 U.S.C. §1983.

Doc. Ent. 43 at 4.

On September 28, 2011, Judge Tarnow entered an order granting in part and denying in part defendants' (Livingston County, Bezotte and Cremonte) November 12, 2010 motion for summary judgment (Doc. Ent. 43).[3] Doc. Ent. 128. Specifically, Judge Tarnow ruled that the

---

[2]On April 7, 2011, defendants Livingston County, Bezotte and Cremonte filed a motion for protective order as to the depositions of Bezotte and Undersheriff Michael Murphy. Doc. Ent. 70. However, defendants withdrew this motion on July 28, 2011. Doc. Ent. 101.

[3]The attachments to this motion included an April 26, 2008 disciplinary investigation report regarding Deputy Randy Boos (Doc. Ent. 43-3), Boos's October 15, 2010 deposition transcript (Doc. Ent. 43-4), the Michigan State Police April 30, 2008 Incident Report (Doc. Ent. 43-5), the August 21, 2008 plea/sentencing in *People v. Boos*, Case No. 08-17452-FH (Livingston County Circuit

motion was granted as to defendant Cremonte but denied as to all other defendants.[4]

On October 4, 2011, defendants Livingston County and Bezotte filed an appeal. Doc. Ent. 130; *see also* Case No. 11-2246 (6th Cir.). Accordingly, the Court cancelled the final pretrial conference scheduled for October 21, 2011.

**D. There Are Four (4) Pending Motions.**

There are currently four (4) motions to compel pending before the Court (Doc. Entries 87, 102, 106,[5] 119). Pursuant to his July 7, 2011 order (Doc. Ent. 99), Judge Tarnow referred two (2) motions (Doc. Entries 87 and 92) to me for hearing and determination.

A hearing on these motions was noticed for September 13, 2011. Doc. Entries 118 and 122. On the date set for hearing, attorneys Jonathan Robert Marko and Kenneth G. McIntyre

---

Court) (Doc. Ent. 43-6), and plaintiffs Essex, Bulko, Cook and Zubor's August 4, 2010 answers to defendants Livingston County, Bezotte and Cremonte's April 6, 2010 Interrogatories (Doc. Ent. 43-11).

Randy Allen Boos (#694863) is currently incarcerated at the Michigan Department of Corrections (MDOC) Cooper Street Correctional Facility (JCS) in Jackson, Michigan, where he is serving a sentence(s) for three April 2008 offenses of second degree criminal sexual conduct as to a county prisoner in violation of Mich. Comp. Laws § 750.520c(1)(k). *See* www.michigan.gov/corrections, "Offender Search," Case No. 08-017452-FH (Livingston County).

[4]The bases for his ruling are set forth in the transcript of the September 27, 2011 proceeding. Doc. Ent. 133.

[5]On August 1, 2011, plaintiff Terrell filed a second motion to compel discovery. Doc. Ent. 106. Attached to this motion are copies of plaintiff's June 7, 2011 second request for production of documents (Doc. Ent. 106-1 at 1-4) and defendants' July 5, 2011 response (Doc. Ent. 106-1 at 5-8). *See also* Doc. Ent. 107 (Motion Brief), Doc. Ent. 107-1 (Cremonte's April 27, 2011 deposition).

Defendants Livingston County, Bezotte and Cremonte filed a response on August 12, 2011. Doc. Ent. 116. Attached are plaintiff's June 7, 2011 second request for production of documents (Doc. Ent. 116-2), defendants Livingston, Cremonte and Bezotte's July 5, 2011 response (Doc. Ent. 116-3) and *Jackson v. Wynder*, No. 1:CV-07-0376, 2007 U.S. Dist. LEXIS 40886 (M.D. Pa. Mar. 26, 2007) (Doc. Ent. 116-4).

Judge Tarnow has not referred this motion to me.

appeared on behalf of plaintiffs. Defendants were represented by attorneys Edward E. Salah and Dennis L. Brewer.

By my December 2, 2011 order, I granted in part plaintiffs' Essex, Bulko, Cook and Zubor's June 21, 2011 motion to compel (Doc. Ent. 92). Doc. Ent. 132. I will now address plaintiff Terrell's June 7, 2011 motion to compel (Doc. Ent. 87) and her related motions (Doc. Entries 102 and 119).[6]

---

[6]The Court is in receipt of plaintiff Terrell's counsel's three-page December 5, 2011 letter, wherein he inquires about my intent for the status of discovery in light of Judge Tarnow's September 28, 2011 ruling (Doc. Ent. 128) and defendants Livingston County and Bezotte's October 4, 2011 notice of appeal (Doc. Ent. 130).

According to plaintiff Terrell's counsel, counsel for the Livingston County defendants takes the position that "their Notice of Appeal automatically divests the District Court of any jurisdiction to act to enforce discovery orders, which permits them to not comply with [my] September 13, 2011 directive, as well as to refuse to provide any discovery materials during the pendency of their appeal." Plaintiff Terrell's counsel describes the Notice of Appeal as seeking "interlocutory relief from a non-final ruling."

It is true that "[t]he filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). The Sixth Circuit has stated that "district court orders denying summary judgment are immediately appealable collateral orders if (1) the defendant asserted the defense of qualified immunity, and (2) the issue appealed concerned whether a given set of facts showed a violation of clearly established law." *Sabo v. City of Mentor*, 657 F.3d 332, 336 (6th Cir. 2011) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). However, the Court further explained that it "lack[s] jurisdiction to consider 'a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial[.]'" *Sabo*, 657 F.3d at 336 (quoting *Johnson v. Jones*, 515 U.S. 304, 319 (1995)).

Judge Tarnow's September 28, 2011 order (Doc. Ent. 128) granting in part and denying in part the Livingston County defendants' dispositive motion (Doc. Ent. 43) states as its bases "the reasons stated on the record at the hearing[.]" Doc. Ent. 128, Doc. Ent. 133 [Transcript]. Still, defendants' motion only raised the issue of qualified immunity as to whether there was evidence of an Eighth Amendment deliberate indifference or an Equal Protection violation. Doc. Ent. 43 at 21-24.

Assuming, *arguendo*, that defendants Livingston County and Bezotte have filed an interlocutory appeal from a non-final ruling, this Court might consider whether discovery is effectively stayed during the pendency of the appeal. However, in the absence of a defense motion to stay proceedings in this Court pending their appeal, I will continue with rulings on the discovery

**E. Plaintiff Terrell Has Filed a June 7, 2011 Motion to Compel Discovery Regarding her March 7, 2011 Discovery Requests, as Well as Related Motions.**

**On June 7, 2011, plaintiff Terrell filed a motion to compel discovery regarding her March 7, 2011 discovery requests. Doc. Ent. 87.** On June 28, 2011, defendants Livingston County, Bezotte, and Cremonte filed a response,[7] in which they (1) argue that the motion should

---

motions pending before me. *Figel v. Overton*, 263 Fed.Appx. 456, 458 (6th Cir. 2008) ("Defendants then filed an interlocutory appeal as well as a motion to stay proceedings in district court."); *Bates v. 84 Lumber Co.*, L.P., 205 Fed.Appx. 317, 321 (6th Cir. 2006) ("From the denial of its motion for a preliminary injunction, 84 Lumber took an interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1). Additionally, 84 Lumber moved the district court to stay the proceedings pending the appeal and, alternatively, to compel arbitration."); *AmSouth Bank v. Dale*, 386 F.3d 763, 772 (6th Cir. 2004) ("in the district court below, which has continued proceedings during this interlocutory appeal, having denied Receivers' motions to stay same, FTB and AmSouth have moved for summary judgment, and oral argument on the motion was held on May 26, 2004."); *Chain v. Tropodyne Corp.*, No. 98-6685, 2000 WL 712379, 3 (6th Cir. May 23, 2000) ("Thereafter, JCC filed a notice of interlocutory appeal and a motion to stay the injunction pending trial, which the district court denied.").

Turning to the matters pending before this Court, I note that at the time Judge Tarnow entered his September 28, 2011 order (Doc. Ent. 128) and defendants Livingston County and Bezotte's October 4, 2011 notice of appeal was filed (Doc. Ent. 130), there were non-dispositive motions pending before the Court (Doc. Entries 87 and 92) which had been referred to me for hearing and determination (Doc. Ent. 99) and regarding which I had conducted a September 13, 2011 hearing. Notwithstanding the October 4, 2011 notice of appeal (Doc. Ent. 130), I issued my December 2, 2011 order (Doc. Ent. 132) granting in part plaintiffs Essex, Bulko, Cook and Zubor's June 21, 2011 motion to compel (Doc. Ent. 92) regarding their February 4, 2010 Second Request for Production of Documents (directed to Livingston County, Bezotte and Cremonte [Doc. Ent. 92-1]) and October 20, 2010 Third Request for Production of Documents (directed to all defendants [Doc. Ent. 92-2]).

Likewise, the March 7, 2011 discovery requests (Doc. Ent. 97-1) at issue in plaintiff Terrell's June 7, 2011 motion to compel (Doc. Ent. 87) and related motions (Doc. Entries 102 and 119) were directed to defendant Livingston County (Doc. Ent. 97-1 at 3-5 [Interrogatory Nos. 1, 2 & 4 and Request for Production of Documents Nos. 1 & 2]) and defendants Bezotte and Cremonte (Doc. Ent. 97-1 at 5-9 [Interrogatory Nos. 5-14, Request for Production of Documents Nos. 3-4]).

As was the case with my December 2, 2011 order, I issue the instant ruling because the discovery requests at issue were directed, in part, to defendants (Livingston County and Bezotte) regarding which this Court has denied summary judgment.

[7]On June 23, 2011, Judge Tarnow entered an order extending the response deadline by seven (7) days. Doc. Ent. 95.

be denied based upon plaintiff's non-compliance with Fed. R. Civ. P. 37(a)(1) and E.D. Mich. LR 7.1(a) and E.D. Mich. LR 37.2 and (2) object to plaintiff Terrell's discovery requests on the bases of overbreadth, burdensomeness and relevance. Doc. Ent. 97 at 5.[8]

**On July 29, 2011, plaintiff Terrell filed an amended motion to compel defendants to file responsive answers to Ms. Terrell's March 7, 2011 first set of interrogatories and request for production of documents (Doc. Ent. 102).[9]** *See also* Doc. Ent. 103 (Motion Brief),[10] Doc. Ent. 104 (Certificate of Attempt to Obtain the Discovery Required without Court Action).

On August 9, 2011, defendants served answers to the March 7, 2011 discovery requests. Doc. Ent. 119-1 at 3-12. Three days later, on August 12, 2011, defendants Livingston County, Bezotte and Cremonte filed a response (Doc. Ent. 115), wherein they reiterate their objections and contend that they "have not waived any objections to plaintiff's discovery requests." Doc. Ent. 115 at 5.[11]

---

[8]Attached to defendants' motion response are copies of Magistrate Judge Whalen's order denying motion to compel in *Haithcox v. Greiner*, Case No. 06-11756, 2009 WL 1110804 (E.D. Mich. Apr. 24, 2009) (Doc. Ent. 97-2); *Jackson v. Wynder*, Case No. 07-0376, 2007 U.S. Dist. LEXIS 40886 (M.D. Pa. Mar. 26, 2007) (Doc. Ent. 97-3) (confidentiality and privacy); and *Wesley v. McKnight*, 325 Fed.Appx. 14 (2d Cir. 2009) (Doc. Ent. 97-4) (proposed evidence regarding other officers' conduct).

[9]Attached to the amended motion are plaintiff Terrell's March 7, 2011 discovery requests (Doc. Ent. 102-1 at 1-11); a May 19, 2011 letter from plaintiff Terrell's counsel to defense counsel (Doc. Ent. 102-1 at 12-13); and defendants' June 28, 2011 motion response (Doc. Ent. 102-1 at 14-48).

[10]Attached to the motion brief are excerpts of Cremonte's April 27, 2011 deposition testimony. Doc. Ent. 103-1 at 1-6, 7-17.

[11]Among the attachments to this filing are *United States v. $188,000.00 in U.S. Currency*, No. 08-566, 2011 WL 1675179 (E.D.N.C. May 3, 2011) (Doc. Ent. 115-5) and *Carr v. Double T Diner*, No. 10-00230, 2010 WL 3522428 (D. Md. Sept. 8, 2010) (Doc. Ent. 115-6).

**On September 9, 2011, plaintiff Terrell filed a supplement to her July 29, 2011 amended motion to compel defendants to file responsive answers to her March 7, 2011 first set of interrogatories and request for production of documents. Doc. Ent. 119**;[12] *see also* Doc. Ent. 120 (Supplemental Brief).

**F. Plaintiff Terrell's June 7, 2011 Motion (Doc. Ent. 87) to Compel Responses to her March 7, 2011 Discovery Requests and her related motions (Doc. Entries 102 and 119) are granted in part and denied in part.**

**1.** Plaintiff Terrell served her first set of interrogatories and request for production of documents on March 7, 2011. Doc. Ent. 97-1. She filed the instant motion on June 7, 2011. Doc. Ent. 87. *Therein, she requests that the Court "enter an order requiring counsel for Defendants Livingston County, Robert Bezotte and Tom Cremonte to provide responsive answers to Plaintiff's March 7, 2011 Interrogatories, and requiring counsel to provide copies of or access to the documents sought by Plaintiff on March 7, 2011." Doc. Ent. 87 at 2.*

In her July 29, 2011 amended motion, plaintiff Terrell explains that the discovery requests at issue included thirteen (13) interrogatories and four (4) requests for production of documents as follows: three interrogatories and one request for production were directed to defendant Livingston County and ten interrogatories and three requests for production of documents were directed to Sheriff Bezotte and Jail Administrator Cremonte. Doc. Ent. 102 at 3 ¶6. *Here, she requests that the Court enter an order "requiring the Defendants to file responsive answers to each of her attorney's March 7, 2011 Interrogatories and Request for*

---

[12]Among the attachments to the supplement are excerpts from defense counsel's May 20, 2011 Rule 26 Disclosures (Doc. Ent. 119-1 at 13-29); excerpts of Cremonte's April 27, 2011 deposition testimony (Doc. Ent. 119-1 at 30-34); and excerpts of Boos's October 15, 2010 deposition testimony (Doc. Ent. 119-1 at 35-39).

*Production of Documents[.]" Doc. Ent. 102 at 4.*

Defendants Livingston County, Bezotte and Cremonte's answers are dated August 9, 2011 and were served on August 12, 2011. Doc. Ent. 119-1 at 3-12.

**2.** Plaintiff Terrell's September 9, 2011 supplement (Doc. Ent. 119) acknowledges defendants' August 9, 2011 answers (Doc. Ent. 119-1) but claims that Interrogatory Nos. 1, 6, 7, 8, 10, 11, 12, 13 and 14 were not meaningfully answered. Doc. Ent. 119 at 2, 5-9. Furthermore, plaintiff Terrell takes issue with the answers to Request to Produce Nos. 1-4. Doc. Ent. 119 at 2-5.

*Therefore, plaintiff requests that the Court "enter an order directing the Defendants to file responsive answers to those of Plaintiff's March 7, 2011 Interrogatories and Request For Documents, as described in the July 29, 2011 motion and the September 9, 2011 Supplement to that motion." Doc. Ent. 120 at 2.*[13]

---

[13]In her September 9, 2011 filing, plaintiff's counsel also "respectfully requests that the court recommend to the trial judge that the [defendants' November 12, 2010] Motion for Summary Judgment [Doc. Ent. 43] be adjourned until the Plaintiffs have been provided with the information they have sought, and have been allowed a reasonable time to evaluate and conduct further inquiries about that information, after it has been provided." Doc. Ent. 120 at 2. However, the Court need not rule upon this portion of plaintiff Terrell's September 9, 2011 request.

As noted above, defendants' motion for summary judgment was filed on November 12, 2010. Doc. Ent. 43. On January 21, 2011, plaintiffs Essex, Bulko, Cook and Zubor filed a Fed. R. Civ. P. 56(f) motion (Doc. Ent. 56) for a continuance of plaintiffs' response due date as well as a hearing date on defendants' motion for summary judgment (Doc. Ent. 43). On March 23, 2011, the Court entered an order (Doc. Ent. 64) granting plaintiff's motion for a continuance of plaintiff's response due date.

On June 23, 2011, a hearing on the dispositive motion was noticed for August 25, 2011. Doc. Ent. 94. On August 12, 2011, Judge Tarnow entered an order (Doc. Ent. 117) granting plaintiff Terrell's August 8, 2011 motion (Doc. Ent. 110) to adjourn the August 25, 2011 hearing.

Ultimately, on September 27, 2011, Judge Tarnow held a hearing on the dispositive motion. The motion was granted in part and denied in part the following day. Doc. Ent. 128, Doc. Ent. 133 [Transcript].

**3.** During the September 13, 2011 hearing, counsel provided the Court with summaries of plaintiff Terrell's March 7, 2011 discovery requests (Doc. Ent. 97-1), defendants' June 28, 2011 motion response (Doc. Ent. 97), plaintiff Terrell's July 29, 2011 amended motion (Doc. Ent. 102), defendants August 9, 2011 discovery responses (Doc. Ent. 119-1) and plaintiff Terrell's September 9, 2011 supplement (Doc. Ent. 119). Summaries were provided with regard to Interrogatory Nos. 1-2 and 4-14 (21 pages) and Request for Production of Documents Nos. 1-4 (16 pages).

On September 15, 2011 (through CM/ECF) and on September 30, 2011 (by facsimile),[14] plaintiff Terrell submitted a proposed 16-page opinion and order regarding her amended motion. Therein, she expresses her satisfaction with defendants' answers to Request for Production No. 2; Interrogatory No.2; Interrogatory No. 4 and Interrogatory No. 5.

Defendants Livingston County, Bezotte and Cremonte provided their proposed order on or about October 4, 2011. Proposing that the Court grant in part and deny in part plaintiff Terrell's amended motion, defendants suggest findings by the Court that (a) defendants had good cause to file late responses to the discovery requests at issue and, therefore, did not waive the right to object; (b) defendants should respond to request for Production No. 3 to the extent they are able, limited to providing names and contact information for said inmates; and (c) the remainder of plaintiff Terrell's amended motion is denied.

**4.** Upon consideration, plaintiff Terrell's June 7, 2011 Motion (Doc. Ent. 87) to Compel Responses to her March 7, 2011 Discovery Requests and her related motions (Doc. Entries 102

[14]On September 30, 2011, plaintiff Terrell's counsel filed a proof of service of the proposed opinion and order. Doc. Ent. 129.

and 119) are granted in part and denied in part.

As an initial matter, the parties have raised the issues of compliance with Fed. R. Civ. P. 37(a)(1) and E.D. Mich. Local Rules 7.1(a) and 37.2;[15] waiver;[16] objections based on relevance / overbreadth / burdensomeness;[17] objections based on privacy;[18] and an objection based on the official information privilege.[19] Plaintiff Terrell has a basis for her argument with regard to waiver, but I decline to rule on the instant motions solely on the basis of waiver.

On the merits, plaintiff Terrell is entitled to the discovery she is seeking as set forth below. However, answers to requests regarding which defendants objected on the bases of privacy and/or privilege - Interrogatory 8 (complaints by female employees or county jail inmates other than plaintiffs), Interrogatory 14 (telephone conversation recordings or transcripts), Request for Production 3 (information regarding Livingston County Jail (LCJ) female inmates) and Request for Production 4 (training manuals, operational policies, written memoranda, etc.) - may be made subject to an appropriate protective order. If counsel for plaintiff Terrell and defendants Livingston County and Bezotte cannot agree on the terms of a protective order with respect to responsive information and/or material, then each may submit a proposed protective order for my consideration.

---

[15] *See* Doc. Ent. 97 at 8-10.

[16] *See* Doc. Ent. 102 ¶ 8.

[17] Defendants raise these objections as to Request for Production of Documents Nos. 1, 2, 3 and 4 and Interrogatory Nos. 8, 11 and 14. Doc. Ent. 97 at 12-14, 16.

[18] Defendants raise the privacy objection to Interrogatory No. 8, Request for Production No. 3 and Interrogatory No. 14. Doc. Ent. 97 at 13, 14, 16.

[19] Defendants raise this objection to Request for Production of Documents No. 4. Doc. Ent. 97 at 14-15.

Finally, I reach the following conclusions with respect to the specific discovery requests at issue:

***Interrogatory Nos. 1, 6, 7, 8, 9, 10, 11, 12, 13 and 14***

**Interrogatory No. 1:** This request seeks certain information regarding people employed by Livingston County to staff and operate the LCJ from 2005 to through June 1, 2008. Upon consideration, defendants' August 9, 2011 objections of overbreadth, burdensomeness and relevance (Doc. Ent. 119-1 at 4) are overruled. Defendants' answer does not support its claim that responding to Interrogatory No. 1 would be unduly burdensome as set forth in Fed. R Civ. P. 26(c)(1) or that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C). Furthermore, as to defendants' August 9, 2011 objection as to the time period (Doc. Ent. 119-1 at 4), plaintiff Terrell's September 9, 2011 brief explains, "[t]his interrogatory is designed to allow Plaintiff's counsel to know, by name and title, the persons who were charged with hiring and operating the Livingston County Jail during the time period before and during when the specific acts at issue occurred and when the training of Deputy Boos was, or should have been, ongoing." Doc. Ent. 119 at 5. Defendants shall respond to plaintiff's March 7, 2011 Interrogatory No. 1 as phrased.

**Interrogatory Nos. 6, 7, 10 and 12:** Defendants shall amend each of their answers, "See deposition of Tom Cremonte." Doc. Ent. 119-1. Specifically, if defendants are relying upon Cremonte's deposition testimony, defendants should identify the page numbers and summarize the testimony given by Cremonte. Furthermore, if there is responsive information in defendants'

possession beyond Cremonte's deposition testimony, then access to such information should be provided in response to Interrogatory Nos. 6, 7, 10 and 12.

**Interrogatory No. 8:** Although defendants responded in part, subject to objections, that "recently, another complaint was made against Randy Boos, which is currently under investigation by the Michigan State Police[,]" defendants shall elaborate on the portion of their answer, "see deposition testimony of Tom Cremonte." Doc. Ent. 119-1 at 8. Specifically, if defendants are relying upon Cremonte's deposition testimony, defendants should identify the page numbers and summarize the testimony given by Cremonte. Furthermore, if there is responsive information in defendants' possession beyond Cremonte's deposition testimony, then access to such information should be provided in response to Interrogatory No. 8.

**Interrogatory No. 9:** Defendants need not amend their August 9, 2011 answer, subject to objection, that "no complaint was made regarding said alleged incident." Doc. Ent. 119-1 at 8.[20] However, plaintiff is permitted to submit a further interrogatory to obtain the status of the State Police investigation of the recent complaint made against defendant Boos, including the nature of the complaint, the name of the complainant, when the act complained of is alleged to have occurred, when the complaint was first made, to whom it was made, and its present status.

**Interrogatory No. 11:** Defendants shall provide plaintiff Terrell's counsel with a copy of the materials which were provided to employees of the Sheriff's Department at the January, 2008

[20]As noted above, an April 26, 2008 disciplinary investigation report from Lt. Domine to Undersheriff Murphy regarding Deputy Randy Boos (Doc. Ent. 43-3) was attached to defendants' motion for summary judgment (Doc. Ent. 43). Therein, the synopsis of Boos's statement indicates that he received oral sex from an inmate, possibly during November - December 2007.

Rapes in Prison Seminars,[21] or with access to them for inspection and copying.

**Interrogatory No. 13:** Although defendants answered, "Please find enclosed CD containing Plaintiff Terrell's telephone conversation[,]" Doc. Ent. 119-1 at 11, defendant(s) shall identify by name and job title the deputy or employee who listened to Ms. Terrell's telephone conversations from the jail after the events of April 22, 2008. If any of her telephone conversations were listened to or recorded, in addition to the conversations previously provided, the recording(s) transcriptions of them must also be provided to Plaintiff's counsel.

**Interrogatory No. 14:** Defendants shall provide the name of the custodian and information requested or access to it.

***Request for Production of Documents Nos. 1, 3 and 4***

**Request for Production of Documents No. 1 to Livingston County:** In addition to the documents previously provided, Defendants shall identify, by title or topic covered, the rules, policies and regulations pursuant to which the LCJ provided services to its inmates. These descriptions must be reasonably descriptive of the topics covered so as to allow Plaintiff's counsel to identify which rules, policies and regulations he/they contend should be provided for inspection. The Court will rule upon any additional disputes regarding demands for inspection based upon the description of non-produced rules, policies and regulations.

**Request for Production of Documents No. 3 to Bezotte and Cremonte:** Defendants shall produce copies or access to the documents requested herein by providing the "Defendants

---

[21]In her July 29, 2011 brief (Doc. Ent. 103), plaintiff Terrell points to Cremonte's April 27, 2011 deposition testimony. Doc. Ent. 103 at 22-23. During his deposition, Cremonte mentioned the Prison Rape Elimination Act of 2003 (42 U.S.C. §§ 15601-15609). Doc. Ent. 103-1 at 12 (p. 115).

Jail Record" of the type previously provided to Plaintiff's counsel pursuant to Rule 26 disclosures. Examples of this type of document were included as Exhibit #2 (Doc. Ent. 119-1 at 13-29) to plaintiff Terrell's September 9, 2011 Brief (Doc. Ent. 119) in Support of her July 29, 2011 Amended Motion (Doc. Ent. 102). Defendants may redact all information from those records which does not describe the names, ages and last known address of the inmate to whom the record relates. The records to be provided shall include all female inmates who were incarcerated from September 1, 2007 through June 1, 2008-regardless of when that incarceration began.

**Request for Production of Documents No. 4 to Bezotte and Cremonte:** The Defendants shall provide access to all of the records requested, other than those previously provided.

**G. Order**

Accordingly, the Court GRANTS IN PART and DENIES IN PART (a) plaintiff Terrell's June 7, 2011 motion to compel discovery (Doc. Ent. 87); (b) plaintiff Terrell's July 29, 2011 amended motion to compel (Doc. Ent. 102); and (c) plaintiff Terrell's September 9, 2011 supplement to her amended motion to compel (Doc. Ent. 119).

Defendants shall provide the interrogatory answers and documents described herein to counsel for plaintiff Terrell no later than Tuesday, January 10, 2012.

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of service of a copy of this order within which to file an appeal for consideration by the district judge under 28 U.S.C. § 636(b)(1).

s/Paul J. Komives
PAUL J. KOMIVES
UNITED STATES MAGISTRATE JUDGE

Dated: 12/15/11

The undersigned certifies that a copy of the foregoing order was served on the attorneys of record and by electronic means or U.S. Mail on December 14, 2011.

s/Eddrey Butts
Case Manager