UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CUREN ESSEX, ALICIA BULKO,
SUSAN COOK, ELIZABETH ZUBOR,
and SUSAN TERRELL,
    Plaintiff,

V

CASE NO. 09-11095
HON. ARTHUR J. TARNOW

LIVINGSTON COUNTY, a municipal corporation,
ROBERT BEZOTTE in his individual capacity as
the Livingston County Sheriff, TOM CREMONTE
in his individual capacity as the Livingston County
Jail Administrator, and RANDY BOOS, in his
individual capacity, Jointly and Severally,
    Defendant.

---

| | |
|---|---|
| GEOFFRY N. FIEGER (P30441)<br>JAMES J. HARRINGTON (P65351)<br>19390 West Ten Mile Road<br>Southfield, MI 48075<br>(248) 355-5555<br>Attorneys for Plaintiffs<br>Essex, Bulko, Cook and Zubor | CUMMINGS, McCLOREY, DAVIS<br>& ACHO, P.L.C.<br>By: T. JOSEPH SEWARD (P35095)<br>33900 Schoolcraft<br>Livonia, MI 48150<br>(734) 261-2400<br>Attorneys for Defendants Livingston<br>County, Robert Bezotte and Tom<br>Cremonte |
| CATALDO & MEEKS, PLLC<br>DONALD J. CATALDO (P55257)<br>KENNETH G. McINTYRE (P17449)<br>519 East Grand River Avenue<br>Lansing, MI 48906<br>(517) 487-9656<br>Attorneys for Plaintiff Susan Terrell | THOMAS A. MATHEWS (P28414)<br>2000 Grand River Annex, Suite 200<br>Brighton, MI 48114<br>(810) 227-7878<br>Attorney for Defendant Randy Boos |

---

## PLAINTIFF SUSAN TERRELL'S RESPONSE TO DEFENDANTS LIVINGSTON COUNTY AND ROBERT BEZOTTE'S JULY 25, 2012 MOTION SEEKING A STAY OF PROCEEDINGS

**COMES NOW** Susan Terrell, Plaintiff herein, by Kenneth G. McIntyre, one of her attorneys, and as her response to Livingston County's and Sheriff Bezotte's July 25, 2012 motion to stay discovery proceedings in this matter, she hereby states as follows:

1. By this present action, Plaintiffs, Curen Essex, Alicia Bulko, Susan Cook, Elizabeth Zubor and Susan Terrell, seek to recover damages for alleged sexual assaults by former Livingston County Sheriff's Deputy, Randy Boos.

**ANSWER**

Denied as incomplete, the truth being that Ms. Terrell seeks to recover damages for a sexual assault, for sexual harassment and for purposeful humiliation and mortification which were caused by the combined acts and failure to act by the named Defendants herein.

2. Defendants, Livingston County, Robert Bezotte (Livingston County Sheriff) and Tom Cremonte (Livingston County Jail Administrator), moved this Court for summary judgment under Fed. R. Civ. P. 56, with Defendants Bezotte and Cremonte particularly seeking judgment in their favor on the basis that they enjoy "qualified immunity" from liability with regard to the claims alleged by the Plaintiffs. R. 43.

**ANSWER**

Admitted

3. By an Order issued September 28, 2011, this Court <u>granted</u> summary judgment in favor of Defendant Cremonte but <u>denied</u> summary judgment to Defendants Livingston County and Robert Bezotte. R. 128.

**ANSWER**

Admitted

CATALDO &
MEEKS, PLLC.

ATTORNEY AT LAW

Donald J. Cataldo II
Douglas E. Meeks

519 East Grand River Avenue
Lansing, MI 48906
(517) 347-9656
(517) 347-9657 Fax

4. On October 4, 2011, Defendants, Livingston County and Robert Bezotte filed with this Court a Notice of Appeal from the denial of summary judgment as to them R. 130, which appeal remains pending for "expedited" determination by the United States Court of Appeals for the Sixth Circuit, pursuant to a March 16, 2012 Order of that Court <u>denying</u> two motions by Plaintiffs that sought dismissal of the appeals.

**ANSWER**

Neither admitted or denied. The Court of Appeals did, on March 16, 2012 deny Ms. Terrell's co-plaintiff's motions to dismiss the Defendants appeal. In so doing, the court held;

"The Plaintiff's motions to dismiss are denied. The clerk has requested to enter a briefing schedule and expedite the submission of this appeal" (Exhibit #1). Whether an expedited "submission" will result in an expedited "determination" of the appeal on its merits is not yet known. Surely the Court of Appeals will want to have before it all of the crucial facts which the Defendants should have provided to Plaintiffs/Appellees and to this court before the appeal was taken and before it resolves the appeal.

5. Despite the pendency of the appeal by Defendants, Livingston County and Robert Bezotte, counsel for Plaintiffs have sent repeated correspondence to counsel for Livingston County and Bezotte seeking additional discovery particularly seeking the depositions of four Livingston County officers, Terry Davis, Peter Hairston, Greg Thompson and James Barkey.

**ANSWER**

Admitted in part. The whole truth is that counsel to Ms. Terrell has attempted to obtain responsive answers to her March 7, 2011 interrogatories and Requests for the Production of Documents, as ordered by Magistrate Komives on December 15, 2011 (Exhibit #2) and as ordered by this court on February 27, 2012 (Exhibit #3). Plaintiff's counsel has also sought to take the depositions of the police officers who worked with Deputy Boos and whose previously

CATALDO &
MEEKS, PLLC.

ATTORNEY AT LAW

Donald J. Cataldo II
Douglas E. Meeks

519 East Grand River Avenue
Lansing, MI 48906
(517) 347-9656
(517) 347-9657 Fax

scheduled depositions were cancelled by defense counsel based upon his prior assertion that because of this October 4, 2011 appeal all further discovery was stayed (Exhibit #4).

Finally, because defense counsel for Deputy Boos, in late April of 2012, produced a copy of Deputy Boos' employment record, which had been sought since October 2010, and because that record included a crucial February 15, 2008 memo authored by Sheriff Bezotte (Exhibit #5), counsel to Ms. Terrell has asked to depose Sheriff Bezotte in order to ask him about the contents of that memo. The title of the memo is "Inappropriate Conduct." It describes a "recent" investigation of claims of sexually inappropriate misconduct by "members" of the Sheriff's office. If established, the claims were said to constitute violations of Livingston County's and the Sheriff Departments sexual harassment policies. When Sheriff Bezotte was deposed on August 24, 2011 this memo had not been provided to either of the Plaintiffs' counsel. Counsel to Ms. Terrell was ill on that date and his request to adjourn the deposition was denied. Sheriff Bezotte obviously was not asked any questions about his February 15, 2008 "Inappropriate Conduct" memo to Deputy Boos on August 24, 2011. Hence the instant request to take his deposition.

6. "Qualified immunity" and the judicial procedures for determination thereof have been fashioned by the Supreme Court with the intent to spare public officials not only from the potential of ultimate liability but also from the burdens of discovery. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985).

**ANSWER**

This general legal conclusion is not controlling in this motion and has been so ruled by Magistrate Komives on December 15, 2011 and by this Court on February 27, 2012 (Exhibits #2 and #3)

7. To further these goals, denial of "qualified immunity" is "immediately appealable," Mitchell, 472 U.S. at 526-7, 530, and "[u]ntil the threshold immunity question is resolved, discovery should not be allowed." Chrisophel v. Kukulinsky, 61 F.3rd 479, 484 (6th Cir. 1995).

CATALDO &
MEEKS, PLLC.

ATTORNEY AT LAW
Donald J. Cataldo II
Douglas E. Meeks

519 East Grand River Avenue
Lansing, MI 48906
(517) 347-9656
(517) 347-9657 Fax

**ANSWER**

This legal conclusion is also not controlling in this matter. The same legal issue was previously raised by the Defendants in this case, before this court and before Magistrate Komives. In both instances it was found to be not applicable to the discovery issues not before the Court of Appeals.

8. Defendants, Livingston County and Robert Bezotte, have acted to comply with Orders of this Court to respond to discovery requests that were initiated by the Plaintiffs before the Defendants filed their Notice of Appeal. R. 132 and 134.

**ANSWER**

This assertion is denied and is patently false, as held by Magistrate Komives in his December 15, 2011 opinion and order, and as affirmed by this Court in it's February 27, 2012 order.

9. During continued pendency of the appeal, however, there is no justification under Mitchell, supra, and Christophel, supra, for any further discovery to occur, particularly because pendency of the appeal divests this Court of jurisdiction over the case, Griggs v Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). Taylor v. Key Corp., 680 F.3rd 609, 616 (6th Cir. 2012), as this Court obviously recognized when it acted to cancel a scheduled Pre-Trial Conference immediately upon receiving the Defendants' Notice of Appeal.

**ANSWER**

The legal conclusion is also not controlling in this matter. This same contention was made to Magistrate Komives and to this Court before their respective December 15, 2011 and February 27, 2012 orders requiring defense counsel to provide responsive answers to Ms. Terrell's March 7, 2011 interrogatories and request for documents were entered.

CATALDO &
MEEKS, PLLC.

ATTORNEY AT LAW
Donald J. Cataldo II
Douglas E. Meeks

519 East Grand River Avenue
Lansing, MI 48906
(517) 347-9656
(517) 347-9657 Fax

5

10. Moreover, additional discovery serves no relevant purpose during the pendency of the appeal because the record cannot be expanded relative to the appeal Inland Bulk Transfer Co. v Cummins Engine Co., 332 F.3d 1007, 1012 (6th Cir. 2003), Tenenbaum v Caldera, 133 F. Supp. 803, 804 (E.D. Mich. 2001), and because the Court of Appeals has specifically denied by Order of July 6, 2012, a motion by Plaintiffs seeking to supplement the record by further discovery.

**ANSWER**

Denied as untrue. The Defendants appeal is based upon a contention that Sheriff Bezotte had no prior notice that Deputy Boos or any other officer had engaged in any inappropriate sexual misconduct before Mr. Boos perpetrated the sexually inappropriate acts which occurred on this case. Defense counsel has continuously refused to provide any meaningful response to each Plaintiff's efforts to discover whether that contention is true or false. That refusal continues to this day. The Defendant's motion represents yet another effort to prevent both the Court and the Court of Appeals (Per a F.R.A.P. Rule 10 (e) motion) from receiving information which was requested well before this Court's September 28, 2011 order, and which was obviously withheld from the Plaintiffs both before and after September 27, 2011. Clearly the information being sought, plus the information contained in the February 15, 2008 memo together with what will be learned when that memo is explored further, is extremely important to a meaningful consideration of the Defendants' appeal, and to the evaluation of this case once defense counsel's desperate efforts to win their appeal because of their success in withholding such evidence is defeated.

The Court of Appeals did *not* deny Ms. Terrell's motion to supplement the record by further discovery. What it held, on July 6, 2012, was that Ms. Terrell's June 29, 2012 motion for an extension of time to file her brief on appeal by July 3, 2012 was denied as moot because she did, in fact, file a brief on July 3, 2012 (Exhibit #6).

The Court of Appeals did *not* rule upon the issue of whether the record made in District Court as of September 27, 2011 could be supplemented with materials provided to Ms. Terrell's attorney after that date. A specific Rule 10 motion to that end will be filed when Plaintiff's counsel is provided with the Discovery to which it is entitled. More specifically, on

CATALDO &
MEEKS, PLLC.

ATTORNEY AT LAW

Donald J. Cataldo II
Douglas E. Meeks

519 East Grand River Avenue
Lansing, MI 48906
(517) 347-9656
(517) 347-9657 Fax

July 6, 2012 the Court of Appeals case manager for this case, Sue Burlage, notified co-counsel that Ms. Terrell's June 29, 2012 motion for extension of time and/or permission to supplement to record was going to be denied as moot;

> "...because the briefs have been filed."

Ms. Burlage went on to say;

> "I will leave it to you if you feel the need at a later date to [file a] motion to file any kind of supplemental brief, or file a motion with the court to take judicial notice" (Exhibit #7)

Ms. Burlage, on July 13, 2012 directed counsel to Ms. Terrell to file a corrected brief by omitting references to the February 15, 2008 memo which had been included in the July 3, 2012 brief (Exhibit #8).

That "corrected" brief was filed on July 20, 2012 per Ms. Burlage's directive. Counsel to Ms. Terrell would prefer to file a FRAP R10 motion to supplement the record to be considered by the Court of Appeals <u>after</u> being allowed by this court to conduct the necessary discovery which has been denied to her since April 7, 2011, thirty days after Ms. Terrell's March 7, 2011 first set of interrogatories and request for documents was served upon defense counsel. Seeking such a ruling before all of the pertinent information is developed could be deemed a "piecemeal" approach to a serious problem.

**WHEREFORE**, Ms. Terrell respectfully asks that this court deny Livingston County's and Sheriff Bezotte's July 25, 2012 renewed motion to stay further Discovery in this matter, that it again order defense counsel to file responsive answers to her March 7, 2011 discovery efforts, and that it order Defendants to make employees available for depositions at mutually convenient times.

Respectfully submitted,
CATALDO & MEEKS, PLLC

Dated:   August 8, 2011

/s/ Kenneth G. McIntyre
Kenneth G. McIntyre (P17449)
Attorney for Plaintiff Susan Terrell
519 East Grand River Avenue
Lansing, MI  48906
517/487-9656

CATALDO &
MEEKS, PLLC.

ATTORNEY AT LAW

Donald J. Cataldo II
Douglas E. Meeks

519 East Grand River Avenue
Lansing, MI 48906
(517) 347-9656
(517) 347-9657 Fax

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CUREN ESSEX, ALICIA BULKO,
SUSAN COOK, ELIZABETH ZUBOR,
and SUSAN TERRELL,
        Plaintiff,

V

CASE NO. 09-11095
HON. ARTHUR J. TARNOW

LIVINGSTON COUNTY, a municipal corporation,
ROBERT BEZOTTE in his individual capacity as
the Livingston County Sheriff, TOM CREMONTE
in his individual capacity as the Livingston County
Jail Administrator, and RANDY BOOS, in his
individual capacity, Jointly and Severally,
        Defendant.

GEOFFRY N. FIEGER (P30441)
JAMES J. HARRINGTON (P65351)
19390 West Ten Mile Road
Southfield, MI 48075
(248) 355-5555
Attorneys for Plaintiffs
Essex, Bulko, Cook and Zubor

CUMMINGS, McCLOREY, DAVIS
& ACHO, P.L.C.
By: T. JOSEPH SEWARD (P35095)
33900 Schoolcraft
Livonia, MI 48150
(734) 261-2400
Attorneys for Defendants Livingston
County, Robert Bezotte and Tom
Cremonte

CATALDO & MEEKS, PLLC
DONALD J. CATALDO (P55257)
KENNETH G. McINTYRE (P17449)
519 East Grand River Avenue
Lansing, MI 48906
(517) 487-9656
Attorneys for Plaintiff Susan Terrell

THOMAS A. MATHEWS (P28414)
2000 Grand River Annex, Suite 200
Brighton, MI 48114
(810) 227-7878
Attorney for Defendant Randy Boos

CATALDO &
MEEKS, PLLC.

ATTORNEY AT LAW

Donald J. Cataldo II
Douglas E. Meeks

519 East Grand River Avenue
Lansing, MI 48906
(517) 347-9656
(517) 347-9657 Fax

I hereby certify that on August 8, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF System which will send notification of such filing to the following: James Harrington, Thomas A. Matthews, T. Joseph Seward

And I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants.

/s/ Kenneth G. McIntyre
Cataldo & Meeks, PLLC
519 East Grand River Avenue
Lansing, MI  48906
517/487-9656
(P17449)

CATALDO &
MEEKS, PLLC.

ATTORNEY AT LAW

Donald J. Cataldo II
Douglas E. Meeks

519 East Grand River Avenue
Lansing, MI 48906
(517) 347-9656
(517) 347-9657 Fax