UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CUREN ESSEX ET AL.,                              CASE NO.  09-11095

       PLAINTIFFS,                             SENIOR U.S. DISTRICT JUDGE
v.                                                              ARTHUR J. TARNOW

LIVINGSTON COUNTY ET AL.,                MAGISTRATE JUDGE PAUL J. KOMIVES

       DEFENDANTS.
_____/

# ORDER DENYING DEFENDANT LIVINGSTON COUNTY'S OBJECTIONS [166] AND [183]

## Introduction

Before the Court are Defendants Livingston County's Objections [166] and [183]. Defendants Livingston County and Sheriff Robert Bezotte first Objection [166] to the November 6, 2012 Order [162] of the Magistrate Judge, filed on November 20, 2012. Magistrate Judge Komives' Order [162] resolved in part, granted in part, deemed moot in part, and denied without prejudice in part, Plaintiff Terrell's Third Motion to Compel Discovery, For Appropriate Sanctions, and for an Expedited Ruling [152], filed on September 25, 2012. Magistrate Judge Komives held a hearing on Plaintiff's Motion [152] on November 6, 2012. Defendants filed Objections [166] on November 20, 2012. Plaintiff Terrell filed a Response [169] to Defendants' Objections [166] on December 3, 2012. On May 17, 2013, this Court entered an Order [176] dismissing Defendant Bezotte from this case. Defendant Livingston County filed an additional Objection [183] on June 20, 2013. Plaintiff Terrell filed a Response [184] on July 1, 2013.

Defendant Livingston County argues that the Magistrate Judge's Order [162], which permits four additional depositions and the continuation of the deposition of Sheriff Bezotte, violates Federal Rules of Civil Procedure Rule 30(a)(2)(A)(i)-(ii) and 26(b)(2). Defendant also Objects [183] to Plaintiffs' deposition of former Livingston County Deputy Charlotte Cottingim on the same basis.

For the reasons stated below, Defendant's Objections [166] and [183] are DENIED.

**Analysis**

This Court "may reconsider any pretrial matter...where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). A finding is clearly erroneous when, "although there is evidence to support the finding, the Court is left with the definite and firm conviction that a mistake has been committed." *United States v. Lucas*, 640 F.3d 168, 173 (6th Cir. 2011) *(citing Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573 (1985)). The matter now before the Court, concerning discovery depositions, falls within the scope of the pretrial matters described by 28 U.S.C. § 636(b)(1)(A).

Federal Rules of Civil Procedure Rule 30(a)(2)(A)(i)-(ii) regulates the taking of depositions, and requires that a party:

> obtain leave of court, and the court must grant leave to the extent consistent with Rule 26(b)(2):
> (A) if the parties have not stipulated to the deposition and:
> (i) the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs, or by the defendants, or by the third-party defendants; [or]
> (ii) the deponent has already been deposed in the case.

2

> Rule 26(b)(2) requires the Court to limit discovery if it should find that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Defendant Livingston County first objects to the portion of the Magistrate Judge's Order [162] allowing the deposition of Police Officers Davis, Hairston, Thompson and Barkey. Defendant argues that these depositions would result in the taking of more than ten depositions. In its second Objection [183], Defendant makes the same argument in opposition of the deposition of former deputy Cottingim. However, Defendant fails to show why this Court should limit this discovery under any of the factors listed within Rule 26(b)(2). Because Plaintiff has sought leave of the Court to take these additional depositions, and because there is no reason to limit this discovery, Defendant's objections are DENIED.

Defendant then objects to the portion of the Magistrate Judge's Order [162] permitting redeposition of Sheriff Bezotte. Plaintiff first deposed Bezotte's on August 24, 2011, prior to Defendant's production of a memorandum written by Bezotte and sent to Defendant Boos. Plaintiff acknowledges that it seeks redeposition based on the production of this document. Defendant argues that the information Plaintiff seeks from this redeposition has already been obtained through written interrogatories and requests for production. Defendant also argues that redeposition is overly burdensome. Magistrate Judge Komives considered these

3

arguments during the hearing held on Plaintiff's Motion to Compel [152]. Because Defendant has failed to show that the Order [162] allowing redeposition of Sheriff Bezotte is clearly erroneous or contrary to law, Defendant's second objection is also DENIED.

Therefore,

**IT IS HEREBY ORDERED** that Defendant's Objections [166] to the Magistrate Judge's Order [152] are **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Objection [183] to Plaintiffs' deposition of former Livingston County Deputy Charlotte Cottingim is **DENIED**.

**SO ORDERED**.

           s/Arthur J. Tarnow
           ARTHUR J. TARNOW
           SENIOR UNITED STATES DISTRICT JUDGE

Dated: July 9, 2013