# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CUREN ESSEX ET AL.,

        Plaintiffs,

v.

LIVINGSTON COUNTY ET AL.,

        Defendants.

_____/

Case No. 09-11095

SENIOR UNITED STATES DISTRICT
JUDGE ARTHUR J. TARNOW

MAGISTRATE JUDGE PAUL J. KOMIVES

## ORDER DENYING DEFENDANT LIVINGSTON COUNTY'S MOTION FOR LEAVE TO FILE SECOND MOTION FOR SUMMARY JUDGMENT [190] AND FINDING MOOT DEFENDANT LIVINGTON COUNTY'S MOTION FOR SUMMARY JUDGMENT [191]

### I. Introduction

Before the Court is Defendant Livingston County's Motion for Leave to File Second Motion for Summary Judgment [190] and Motion for Summary Judgment [191], both filed on December 6, 2013. Plaintiff Susan Terrell filed a Response [192] on January 8, 2014. Defendant Livingston County filed a Reply [193] on January 15, 2014.

For the reasons stated below, Defendant Livingston County's Motion for Leave to File Second Motion for Summary Judgment [190] is DENIED and Defendant Livingston County's Motion for Summary Judgment [191] is found MOOT.

## II. Procedural Background

On March 24, 2009, Plaintiffs Curen Essex, Alicia Bulko, Elizabeth Zubor, and Susan Cook filed their Complaint [1] in this matter. On August 12, 2010, Plaintiff Susan Terrell's case was consolidated [36] with the original four Plaintiffs. Following this consolidation and a scheduling conference on August 27, 2010, the discovery deadline was set for May 4, 2011 and disposition motion deadline was set for June 4, 2011.

On November 12, 2010, Defendants Livingston County, Robert Bezotte, and Tom Cremonte filed their initial Motion for Summary Judgment [43]. Due to several delays in discovery, caused in part by Defendants' failure to facilitate the scheduling of depositions, this Court entered an Order [117] granting Plaintiff Terrell's Motion to Adjourn [110] the hearing on Defendants' Motion for Summary Judgment [43]. Following the filing of supplemental responses to the Motion [43], the passing of the discovery deadline, and Defendant Bezotte's first deposition completed on August 24, 2011, the hearing on the Motion for Summary Judgment [43] was held on September 27, 2011. Pursuant to this hearing, this Court entered an Order [128] granting in part and denying in part Defendants' Motion for Summary Judgment [43], granting the Motion [43] only as to Defendant Cremonte and denying the Motion [43] as to all other Defendants.

Defendants filed a Notice of Appeal [130] of this Order [128] on October 4, 2011. Defendants Livingston County and Bezotte filed a Motion to Stay Proceedings [145] on July 25, 2012 based upon the pending appeal. This Court entered an Order [159] denying the Motion to Stay Proceedings [145] on November 2, 2012. On November 15, 2012, the Sixth Circuit Court reversed [165] this Court's Order [159], granting the Motion to Stay [145] and staying all discovery in this case.

On March 25, 2013, the Sixth Circuit Court then filed an Opinion [174] in this matter, reversing in part this Court's Order [128], and granting in part and denying in part Defendants' Motion for Summary Judgment [43]. The Sixth Circuit Court remand the matter to this Court, requiring that this Court grant Defendant Bezotte qualified immunity and dismiss Plaintiffs' case against him in his individual capacity. The Sixth Circuit Court declined to rule as to the merits of Defendant Livingston County's claims because the court's jurisdiction was limited to the interlocutory appeal of Defendant Bezotte's qualified immunity defense. On May 14, 2013, the Sixth Circuit Court issued a mandate [175] pursuant to this Opinion [174]. Pursuant to this Mandate [175], this Court entered an Order [176] on May 17, 2013, dismissing this case as to Defendant Bezotte.

Following this Order [176], further discovery was completed on November 6, 2013, with the depositions of Defendant Robert Bezotte and Deputy Terry Davis.

3

## III. Analysis

The Eastern District of Michigan Local Rule 7.1(b)(2) states that "[a] party must obtain leave of court to file more than one motion for summary judgment. For example, a challenge to several counts of a complaint generally must be in a single motion." "Matters of docket control and discovery are within the sound discretion of the district court. The court of appeals will not interfere with the trial court's control of its docket except upon the clear showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996).

In Defendant Livingston County's Motion for Leave to File Second Motion for Summary Judgment [190] now before the Court, Defendant Livingston County make two arguments in favor of this Court granting leave. First, Defendant argues that discovery was only completed on November 6, 2013 when Defendant Bezotte and Deputy Davis's depositions were taken. As such, Defendant asserts that its Second Motion for Summary Judgment [191] was filed within the thirty-day period following the completion of discovery, as allowed by Federal Rule of Civil Procedure 56(b).

However, Defendant Livingston County fails to acknowledge that its Second Motion for Summary Judgment [191] makes nearly identical arguments as those made in the first Motion for Summary Judgment [43] filed more than three years ago.

Defendant also fails to note that the first Motion [43] was decided after the then relevant discovery deadline, and that the Second Motion for Summary Judgment [191] makes little if any reference to the two most recent depositions.

Defendant Livingston's second argument in favor of granting leave points to the portion of the Sixth Circuit Court's Opinion [174] that states "[d]espite our determination on qualified immunity, the question of whether Bezotte was deliberately indifferent in implementing policies pertaining to deputy training and supervision is not necessarily resolved; consequently, the issue of the County's potential liability is unresolved at this early stage of the litigation." Here, the Sixth Circuit Court addresses its lack of jurisdiction over Defendant Livingston County's claims, as the Court's jurisdiction was limited to the interlocutory appeal of this Court's denial of qualified immunity as to Defendant Bezotte. Therefore, in arguing that "the time is now appropriate for [this] Court to address whether or not Livingston County is entitled to summary judgment, since the issue of the County's alleged deliberate indifference has been answered through discovery," Defendant Livingston County misconstrues the Sixth Circuit Court's Opinion [174] and takes this text out of its larger context.

Specifically, Defendant attempts to use this portion of the Sixth Circuit Court's Opinion [174] to show that the Sixth Circuit Court affirmatively held that further discovery would necessarily clarify and resolve the claim against Defendant, or that Defendant is now entitled to reconsideration of the claim given further discovery.

5

Instead, this portion of the Opinion [174] simply made passing reference to the fact the Sixth Circuit Court did not have jurisdiction over the matter and that the claim could be resolved later in the process of litigation. Again, the Opinion [174] simply holds that the Sixth Circuit Court does not have jurisdiction over Defendant Livingston County's claims under the interlocutory appeal, and that Plaintiffs' claims against Defendant Livingston County remain unresolved.

Because Defendant Livingston County has failed to show any compelling reason for the filing of a second motion for summary judgment, Defendant's Motion for Leave to File Second Motion for Summary Judgment [190] is DENIED.

### IV. Conclusion

For the reasons stated above, Defendant Livingston County's Motion for Leave to File Second Motion for Summary Judgment [190] is DENIED, Defendant Livingston County's Motion for Summary Judgment [191] is now MOOT.

Therefore, **IT IS HEREBY ORDERED** that Defendant Livingston County's Motion for Leave to File Second Motion for Summary Judgment [190] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Livingston County's Motion for Summary Judgment [191] is now **MOOT**.

**SO ORDERED**.

s/Arthur J. Tarnow
ARTHUR J. TARNOW
SENIOR UNITED STATES DISTRICT JUDGE

Dated: March 12, 2014